*6
 
 Mr. Chief Justice TAHEY
 

 delivered the opinion of the court.
 

 This is a writ of error to the Supreme Court of the State of Louisiana. It appears that a certain Francois Marie Prevost, an inhabitant of that State, died in the year 1848 intestate and without issue, and possessed of property to a considerable amount. He left a widow; and, as no person appeared claiming as heir of the deceased, the widow, according to the laws of the State, was put in possession of the whole of the property by the proper authorities, in December, 1851. She died in March, 1853.
 

 In January, 1854, Jean Louis Prevost, a French subject residing in France, presented himself by his agent in Louisiana as the brother and sole heir of Fran§ois Marie Prevost, and established his claim by a regular judicial proceeding in court.
 

 The.laws of Louisiana impose a tax of ten per cent, on the value of all property inherited in that State by any person not domiciliated there, and not being a citizen of any State or-Territory of the United States.
 

 This tax is disputed by the plaintiff in error, .upon the ground that the law of Louisiana is inconsistent with the •treaty or consular convention with France. This treaty was signed on the 23d of February, 1853, ratified by the United States on the 1st of April, 1853, exchanged on the 11th of August, 1853, and proclaimed by the President on the 12th of August, 1853.
 

 .. The 7th article of this treaty, so far as concerns this case, is in the following words':
 

 “ In all- the States of the Union whose' laws permit it, so long and to the same extent as the said laws shall remain in force, Frenchmen shall enjoy the right of possessing personal and real property by the same title and in the same manner as the citizens of the United States. They shall be free to dispose of it as they may please, either gratuitously or for value received, by donation, testament, or otherwise, just as those citizens themselves; and in no case shall they be subjected to taxes on transfers, inheritance, or any others, different from those paid by the latter, or to taxes which shall not be ■equally imposed.”
 

 Proceedings werp instituted in the State courts by the plaintiff in error to try this question, which were ultimately-brought before the Supreme Court of the State. And that-court decided that the right to the tax was complete, and vested in the State .upon the death of Francois Marie Prevost, and was not affected by the treaty with France subsequently made.
 

 
 *7
 
 "We can see no valid objection to. tbis judgment. The plaintiff in error, "in his petition to be recognised as heir, claimed title to all the separate property of Fran§ois M. Pre-vost and his widow", then in the hands, of the curator, and of all his portion of the community property, and of all the fruits and revenues of his succession from the day of the death of. his brother.- And, in adjudicating upon this claim, the court, recognised the rights of the appellant, as set forth in his petition, and decided -that he became entitled to the property, as heir, immediately upon the death of Er. M. Prevost.-
 

 ‘-bTow, if the property vested in him at that time, it could vest only in the manner, upon the conditions authorized by the laws of the State. And, by the laws of the State, as they then stood, it vested in him, subject to a tax of ten per cent., payable, to the State. And certainly .a treaty, subsequently made by the' United1 States with Prance, could not- divest rights of .property already vested, in the State, even if the words of the treaty had imported such an intention. But the words of the article, which we have already set forth; /’.early apply to cases happening afterwards — not'to cases where the party appeared, after th’e treaty, to assert , his rights, but to cases where the right afterwards. accrued. And so it was decided by the Supreme Court ofthe State, .and, we think, righti ly., The constitutionality of the law-is not disputed, that point having been settled in this court in the case of Mayer
 
 v.
 
 Grima, 8 How., 490.
 

 In affirming this judgment, it is proper to say that the obligation of the treaty and its operation in the State, after it was made, depend upon the laws of Louisiana. The treaty does not claim for the. United States the right of controlling the succession of' real or- personal property in -a State. And its operation is expressly limited “to the States of the Union whose laws permit it, so long and,to the same extent as those laws shall remain in forcé.” . And, as there is no. act of the Legislature of Louisiana repealing this law and accepting the provisions of the treaty, so as to secure to her. citizens siinilaf rights in France, this court might Jfeel some difficulty in say-, ing that it was repealed by this treaty, if the State court had not so expounded its own láw, and held that Louisiana was one of the States in which the proposed arrangements of the. treaty were to be carried into effect.
 

 Upon the whole, we think there is no error in . the judgment of the State court, and it must therefore be affirmed.