JOHN HERRIOTT, Treasurer of the State of Iowa, Appellant, v. SELDON BACON, as Executor of the Estate of SARAH F. RANSOM.

**Collateral Inheritance Tax;** STATUTE CONSTRUED AS TO EXEMPTION FROM. Code, section 1467, provides that all property passing by will or by the statutes of inheritance to collateral heirs or strangers of the blood of the decedent shall be subject to a tax of 5 per cent. on its face value, above the sum of $1,000, after the payment of debts, etc. *Held,* to exempt all estates of less than $1,000, but when an estate exceeds that amount, all property passing to collateral heirs is subject to the tax.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

THURSDAY, JANUARY 25, 1900.

SARAH F. RANSOM died testate January 9, 1897, leaving a will bequeathing the sum of five thousand eight hundred and seventy-four dollars in value to collateral heirs, and eight thousand dollars to her grandsons. The defendant, as executor under the will, paid the plaintiff, as treasurer

of the state, two hundred and forty-three dollars and seventy cents,—being five per cent. of the amount passing to the collateral heirs, less one thousand dollars; and this action was brought for the recovery of the inheritance tax on the remaining one thousand dollars. The demurrer of the executor of the estate was sustained, and, the state failing to further plead, its petition was dismissed. The case was properly certified, and the state appeals.—*Reversed.*

*Milton Remley,* Attorney General, and *Dutcher & Burton* for the State.

*Seldon Bacon* and *E. A. Swisher* for appellee.

LADD, J.—The different sections of chapter 4 of title 7 of the Code, relating to an inheritance tax, were originally enacted at the same time, and should be treated as parts of a connected whole. They must be taken together, and construed as one system. "It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions." Sutherland Statutory Construction, section 288. As said by Mr. Justice Field in *Eureka Consol. Min. Co. v. Richmond Min. Co.,* 4 Sawy, 302 (Fed. Cas. No. 4,548) : "Instances without number exist where the meaning of words in a statute has been enlarged or restricted and qualified to carry out the intention of the legislature. The inquiry, where any uncertainty exists, always is as to what the legislature intended, and when that is ascertained it controls." Only when the meaning is involved in doubt will resort be had to the context. These rules are suggested in view of the question presented for our determination, to-wit, whether one thousand dollars in value of the property passing to collateral heirs is exempt from the inheritance tax, or in all estates "above the sum of one thousand dollars" all the property so passing is subject to the payment thereof. In

other words, does the clause quoted limit the amount of the succession on which the excise may be exacted, or describe the estates subject to the tax? Section 1467 reads: "All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor, to any person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, lineal descendant of an adopted child of a decedent, or to or for charitable, educational or religious societies or institutions within this state, shall be subject to a tax of five per centum of its value, above the sum of one thousand dollars, after the payment of all debts, for the use of the state; and all administrators, executors, and trustees, and any such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them, respectively, except as herein otherwise provided, with lawful interest as hereinafter set forth, until the same shall have been paid. The tax aforesaid shall be and remain a lien on such estate from the death of the decedent until paid." *In Re McGhee's Estate,* 105 Iowa, 9, we said: "It is evident that the debts to be paid are those which are claims against the estate of decedent, and we are of the opinion that both of the phrases, 'above the sum of one thousand dollars,' and 'after the payment of all debts,' have direct relation to the estate of the decedent." The point was not necessarily involved in that case, as the state did not appeal from that part of the judgment allowing an exemption of one thousand dollars. Nevertheless this language was advisedly used. It is not perceived how the phrase "after the payment of debts" can be construed to

refer to the estate of the decedent, and "above the sum of one thousand dollars" to only that part of the estate left to the collateral heirs. The language of the statute in these respects· is obscure, and we may look to other portions of the chapter in ascertaining its true meaning. Section 1470 affords convincing proof that the phrase relates to· the value of the estate of the decedent. It declares that "when any person whose estate, over and above the amount of his just debts, exceeds the sum of one thousand dollars,. shall.bequeath or devise any real property to or for the use"· of any of the persons excepted in section 1467, "during life or for a term of years, and the remainder to a collateral heir or to a stranger to the blood," upon the termination of the estate for life or years the owner of the remainder shall pay the excise on the value thereof. If the estate—not the property passing to the collateral heirs—exceeds one thousand dollars, then the succession tax is to be exacted regardless of the value of the property subject thereto; otherwise. none may be collected. The tax on the succession to the property other than the remainder is payable within fifteen months, but the remainder is not to be appraised until after the termination of the estate for life or years, and paid sixty days after the appraiser's report has been confirmed. Many years may and usually will intervene between the collection of the tax on the remainder and other portions of the estate, and it would be utterly impossible to apportion one thousand dollars of the exemption among the collateral heirs equitably. Precisely the same difficulty arises with reference to section 1471, relating to the collection of taxes on the succession to estates for life or years, and the remainder when both pass to collateral heirs. Surely the legislature did not intend to include provisions in the statutes which could ·not be given effect. Construe the clause "above the sum of one thousand dollars" contained in section 1467 as qualifying the estate of the deceased, and the three sections are harmonious. If it be treated as creating an exemption

to all the collateral heirs, then there appears to be no conceivable way of fixing the precise value of property specified in sections 1470 and 1471, subject to the exaction. The language of section 1470 seems to preclude adjudging that each collateral heir was entitled to one thousand dollars exempt from the tax. On the contrary, the court in *State v. Hamlin,* 86 Me. 495 (30 Atl. Rep. 76, 25 L. R. A. 632), was aided in its conclusion by subsequent sections of the act unequivocally indicating such intention. In holding that each heir was not entitled to property to the value of one thousand dollars freed from the tax, the way to all exemptions was foreclosed. We conclude that the intention of the legislature must have been to exempt all estates of less in value than one thousand dollars, and when exceeding in value such sum, all property passing to the collateral heirs to be subject to the inheritance tax.—REVERSED.

GRANGER, C. J., not sitting.