G. S. GILBERTSON, Treasurer of State, v. WILLIAM McAULEY,
Executor of the Estate of Eliza McAuley, Deceased,
Appellant.

Collateral Inheritance Tax: CONSTRUCTION: *Exemptions.* Code,
section 1467, provides that all property passing by will or by
inheritance to collateral heirs or strangers to the blood of de-
cedent shall be subject to a tax of five per cent. above the sum
of $1,000 after payment of debts.   Sections 1470 and 1471, de-
clare that, when one whose estate above debts exceeds $1,000
shall devise property for the use of any one for a term of years
or for life, with remainder to collateral heirs or strangers to
the blood on the termination of such estate, the remainderman
shall pay the tax.   *Held,* that in view of sections 1470 and
1471, section 1467 is to be construed as exempting all estates of
less than $1,000, but when an estate exceeds that amount all
the property passing to collateral heirs or strangers to the blood
is subject to the tax.

*Appeal from Iowa District Court.*—HON. M. J. WADE,
Judge.

SATURDAY, OCTOBER 11, 1902.

ACTION to recover inheritance tax.   Demurrer to peti-
tion overruled, and judgment for plaintiff, from which de-
fendant appeals.—*Affirmed.*

*Hedges & Rumple* for appellant.

*Charles W. Mullan,* Attorney General, *Chas. A. Van
Vleck,* Assistant Attorney General, and *J. M. Dower,* for
appellee.

McCLAIN, J.—The value of decedent's estate after the
payment of debts, exceeded $1,000, all of which, by will,

passed to collateral relatives. The executor paid the collateral inheritance tax of 5 per cent. required by Code, section 1467, on all of the estate in excess of $1,000 left. after the payment of debts, and this action is brought to recover the 5 per cent. tax on $1,000, which the defendant claims to be exempt. The construction of the section of the Code just referred to has already been considered by this court. *In re McGhee's Estate*, 105 Iowa, 9; *Herriott v. Bacon*, 110 Iowa, 342. Counsel for appellant admit that in the latter of these cases the court indicated its views to be that, construing Code, section 1467, with sections 1470 and 1471, an estate exceeding in value $1,000 after payment of debts was taxable, so far as it is passed to collateral relatives, without the allowance of any exemption; the expression "above the sum of $1,000," found in Code section 1467, being descriptive of an estate which was to be exempt from the tax, and not of a portion of the estate which was to be so exempt. But they urge now the adoption of a construction which they contend would be consistent with the result reached in the two cases above referred to, although different from the one adopted in the latter of the two cases in reaching the result. The construction contended for is that $1,000 in value of the estate after the payment of debts is, in any event, to be exempt from taxation, but that all in excess of $1,000 is to be taxed so far as it passes to collateral relatives. In other words, it is claimed that, while there is not an exemption of $1,000 to collateral relatives, either individually or collectively, there is an exemption of $1,000 of the estate. This construction might be permissible if the language of Code, section 1467, alone were considered. But, as pointed out in *Herriott v. Bacon, supra,* all the sections relating to collateral inheritance tax having been adopted at the same time, they must be construed together; and we cannot see that the construction now urged in behalf of appellant would solve the difficulties which would arise in

construing sections 1470 and 1471. We are satisfied that the conclusion reached in *Herriott v. Bacon,* is the only one which will harmonize the three sections, and therefore adhere to the ruling in that case, which is that there is no exemption where the value of the estate, after the payment of debts, exceeds $1,000.—AFFIRMED.