No. 18,939.

THE STATE OF KANSAS, ex rel. CHARLES D. ISE, as County Attorney, etc., *Appellant,* v. HATTIE M. CLINE, as Administratrix, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

INHERITANCE TAX OF 1909—*Constitutional.* Chapter 248 of the Laws of 1909, commonly called the inheritance tax law, does not violate the clause in the bill of rights declaring that free governments are instituted for the equal protection and benefit of the people, nor does it violate the constitutional provisions respecting uniformity in the operation of general laws and uniformity and equality in the rate of assessment and taxation. The act is therefore held valid.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed January 10, 1914. Reversed.

*John S. Dawson,* attorney-general, *Charles D. Ise,* county attorney, and *J. W. Holdren,* assistant county attorney, for the appellant.

*S. J. Osborn,* and *Charles D. Welch,* both of Coffeyville, for the appellees.

The opinion of the court was delivered by

BENSON, J.: The sole question upon this appeal is whether an inheritance tax law of this state is valid.

The statute was enacted in the year 1909, being chapter 248 of the Laws of 1909 (Gen. Stat. 1909, §§ 9265-9291). Although repealed at the legislative session of 1913 (Laws 1913, ch. 330), it nevertheless governs the controversy.

The constitutionality of the law is challenged on two grounds: First, that it violates section 2 of the bill of rights, declaring that free governments are instituted for the equal protection and benefit of the people; and second, that it does not have uniform operation throughout the state, as required by section 17 of article 2 of the constitution. Incidentally section 1 of article 11, requiring a uniform rate of taxation, will also be considered.

The statute in terms provides that all property not covered by certain specified exemptions, which passes by will, intestate succession or gift, or by grant or deed in contemplation of death to take effect in possession after death, shall be subject to a tax. The rates of taxation are graduated according to a classification of persons who receive the property, and progressive in rates according to the amount received. In these respects our statute follows the general scheme of the statutes in other states upon this subject, and follows closely the Massachusetts law. The following table, prepared by the state tax commission for the informa-

The State, *ex rel.*, v. Cline.

tion of local officers, shows the practical operation of the statute:

| INDICATION OF RELATIONSHIP. | RATES APPLICABLE. | | | | |
|---|---|---|---|---|---|
| | On amounts up to and including $25,000... | On amounts from $25,000 to $50,000... | On amounts from $50,000 to $100,000... | On amounts from $100,000 to $500,000... | On amounts in excess of $500,000... |
| | *Per cent.* | *Per cent.* | *Per cent.* | *Per cent.* | *Per cent.* |
| **Class A.** Husband, wife, lineal ancestor, lineal descendant, adopted child, lineal descendant of any adopted child, wife or widow of a son, or husband of a daughter. | 1 | 2 | 3 | 4 | 5 |
| **Class B.** Brother, sister, nephew, or niece. | 3 | 5 | 7½ | 10 | 12½ |
| Persons in other degrees of collateral consanguinity, strangers or others not included in Class A and B. | 5 | 7½ | 10 | 12½ | 15 |

NOTES.

1. As to Class A, the law does not become operative until the legacy or succession exceeds $5000, when the legatee, devisee or beneficiary is the husband, wife, father, mother, child or adopted child of the deceased.

2. As to Class B, the law does not become operative until the legacy or succession exceeds $1000.

3. As to all persons not included in the exceptions stated in Note 1 and Note 2 above, the law becomes operative as to all legacies and successions, no matter how small.

Inheritance tax laws have long been in force in England and in the countries of continental Europe, and for a considerable time in many states of this Union. In a note in 41 Am. St. Rep. 580, it is said:

"Taxes upon legacies and inheritances have been approved generally by writers upon political economy, and systems of taxation, and no tax can be less burdensome, and interfere less with the productive and industrial agencies of society."

The learned annotator cites many adjudicated cases supporting these propositions. It is not necessary to quote from the multitude of opinions for they speak

with substantial uniformity in sustaining such taxation, which began in this country in Pennsylvania in the year 1826, and has been gradually adopted in other states until, at the National Conference on Taxation in the year 1911, it was shown that this means of revenue had been provided by statute in thirty-eight states. (State and Local Taxation, Fifth National Conference, 1911, p. 307.)

While our statute, like many others, refers to the succession or transfer as property subject to the tax, there is practical uniformity in the decisions in states having statutes containing similar phraseology that this is not a property tax, but a tax upon the right of succession; upon the right to receive, and not upon the property, nor upon the right of disposal. (*Scholey v. Rew,* 90 U. S. 331; *Knowlton v. Moore,* 178 U. S. 41; *State v. Vinsonhaler,* 74 Neb. 675, 105 N. W. 472; Blakemore & Bancroft, Inheritance Taxes, p. 7.) Many decisions declaring this principle are cited in a note in 33 L. R. A., n. s., 606, 610. Even in jurisdictions where it is held that the right to take property by will or inheritance is a natural right which legislatures can not take away, it is held that such taxes may be lawfully imposed under the power to make reasonable regulations for the devolution of property upon the death of the owner. (*Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627, 9 L. R. A., n. s., 121; *Minot v. Winthrop,* 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259.)

It was said in *Nager v. Grima et al.,* 49 U. S. 490:

"Now the law in question is nothing more than an exercise of the power which every state and sovereignty possesses, of regulating the manner and term upon which property real or personal within its dominion may be transmitted by last will and testament, or by inheritance; and of prescribing who shall and who shall not be capable of taking it." (p. 493.)

The principle that the state may absolutely control the descent of property is adopted in Kansas (*Hannon*

*v.· Taylor,* 57 Kan. 1, 45 Pac. 51), and is supported by the great weight of authority (Note, 9 L. R. A., n. s., 121).

' An inheritance tax is in the nature of an excise upon the transfer, rather than a property tax, and the constitutional rule requiring uniformity in the rate of assessment of property prevailing in this and other states does not apply. (Burroughs on Taxation, Federal, State and Municipal, § 54; Sedgwick on the Construction of Stat. and Const. Law, pp. 504-507.) It is analogous to a license or occupation tax. In *City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288, it was held that a graduated occupation tax was not violative of the constitutional rule of uniformity, and this view prevails· generally. It was said in *Pacific Express Company v. Seibert,* 142 U. S. 339, that:

"This court has repeatedly laid down the doctrine that diversity of taxation, both with respect to the amount imposed and the various species of property selected, either for bearing its burdens or for being exempt from them, is not inconsistent with a perfect uniformity and equality of taxation in the proper sense of those terms." (p. 351.)

The foregoing language was quoted and applied to an inheritance tax law of Illinois in *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283, where that law was upheld against an attack based upon a supposed conflict with the provisions of the federal constitution securing to citizens the equal protection of the law. It was also held that the classification and progressive features of the Illinois statute did not transgress any requirement of uniformity in taxation.

Passing to the specific objection that the statute is in violation of that provision of the bill of rights declaring that all free governments are founded for the equal protection and benefit of the people, the appellant relies upon *State· of Ohio, ex rel., v. Ferris,* 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218, wherein

The State, *ex rel.*, v. Cline.

an Ohio statute providing for inheritance taxes was held to be in contravention of a similar provision in the constitution of that state. In the statute there under consideration estates not exceeding $20,000 in value were exempted from its operation. The court, in harmony with others already referred to, held that the tax was not upon property but upon the right to receive property. It was also said that the power of taxation being unlimited by the constitution included authority to tax rights, privileges and franchises, which were not covered by the clause requiring uniformity in taxation. It was held, however, that the exemption clause was in violation of the declaration of the bill of rights that government is instituted for the equal protection and benefit of the people. It was said that the privilege of receiving the first $20,000 of an estate, not exceeding that sum, is protected from taxation while the right to receive the first $20,000 of an estate exceeding that sum was taxed $200, and that this was not equal protection. It was held in *Black v. State,* 113 Wis. 205, 89 N. W. 522, 90 Am. St. Rep. 853, that the exemption of estates under $10,-000 in value, provided for in a Wisconsin statute, conflicted with the constitutional guaranty of equal protection of the law. It was not decided whether the statute also violated the rule of uniformity, although that matter was commented on, and the court said that it was difficult to distinguish without undue refinement between a tax upon a succession and a property tax. In the same opinion, however, it was stated that if the Wisconsin law, like the New York law, had simply levied a tax of five per centum on collateral inheritances or transfers exceeding $500 in amount, there would be no difficulty in sustaining it. Turning to the New York inheritance tax law of 1885, referred to in that opinion, as it is cited and construed in the decisions in New York, it is found that it authorized taxes upon devises to collateral relations only when the

estate devised to them exceeded $500 in value. (*Matter of Cager,* 111 N. Y. 343, 18 N. E. 866.)

The New York statute (Laws of New York, 1885, ch. 483) contained a proviso that an estate passing by will or inheritance "valued at a less sum than five hundred dollars, shall not be subject to such duty or tax." This $500 limitation was held to apply to the property passing to a legatee and not to the whole estate. (*Matter of Howe,* 112 N. Y. 100, 19 N. E. 513.) These decisions were reviewed and confirmed in *Matter of Hoffman,* 143 N. Y. 327, 38 N. E. 311, where a revision of the act of 1885 was under consideration. The similarity of the New York proviso, as construed by courts of that state, and that of our own statute providing that it shall not be operative unless the legacy or succession exceeds the sum specified in each class, will be readily noticed. Yet the New York law was held to be valid, and as observed by Judge Winslow in the Black case, a like provision would have been held valid in Wisconsin.

In Massachusetts a statute providing for a similar exemption to that in Wisconsin referred to in the Black case was held valid in *Minot v. Winthrop,* 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259. A later revision of the Massachusetts statute contains provisions for exemptions substantially like our own, only the amount is larger where the succession is to the husband, wife, or lineal heirs. (Mass. Supp. Rev. Laws, 1902-1908, p. 241; Acts, Mass. 1909, pp. 647, 791; Ross on Inheritance Taxation, p. 517.)

Other courts have held, in harmony with those of New York, that no constitutional guaranty is violated by provisos exempting from taxation successions or legacies below a certain amount in value. It is held in Vermont that a succession tax is not a tax upon property transmitted but upon its transmission, and is not obnoxious to the rule of uniformity and equality although estates of less than a specified value are ex-

The State, *ex rel.*, v. Cline.

empted from its operation. (*In re Hickok's Estate*, 78 Vt. 259, 62 Atl. 724, 6 A. & E. Ann. Cas. 578.) In Montana the same result was declared concerning a proviso exempting estates below a certain amount in value. It was held that the proviso did not deny to any one the equal protection of the law, nor violate the rule of uniformity. (*Gelsthorpe v. Furnell*, 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170.) In a vigorous opinion giving the history of inheritance taxes and reviewing the various objections to their validity, the supreme court of Tennessee sustained the validity of a statute exempting estates under $250 in value from its operations. (*State v. Alston*, 94 Tenn. 674, 30 S. W. 750, 28 L. R. A. 178.)

In Iowa estates above $1000 in value passing by will or inheritance to collateral heirs or strangers are subjected to a tax, and it is held that when an estate exceeds that sum there is no exemption. (*Herriott v. Bacon*, 110 Iowa, 342, 81 N. W. 701; *Gilbertson v. McAuley*, 117 Iowa, 522, 91 N. W. 788.) The validity of the Iowa statute was upheld in *Ferry v. Campbell*, 110 Iowa, 290, 81 N. W. 604, 50 L. R. A. 92, but it does not appear that the exemption feature was discussed.

In the great case of *Knowlton v. Moore*, 178 U. S. 41, the court, in an opinion by Mr. Justice White, sustained the validity of an act of congress providing for a succession tax upon legacies or distributive shares in personal property in excess of $10,000 passing by death. The court held that the amount specified referred to each share received and not to the whole estate and upheld the act against all arguments assailing its validity based upon objections to classification and progression in rate, and against other objections similar to those urged here. The decision in *State of Ohio, ex rel.*, v. Ferris, 53 Ohio St. 314, 41 N. E. 579,

was referred to in that opinion as maintaining a contrary doctrine, but was not approved. Concluding the opinion covering over fifty pages, the court said:

"The review which we have made exhibits the fact that taxes imposed with reference to the ability of the person upon whom the burden is placed to bear the same have been levied from the foundation of the government. So, also, some authoritative thinkers, and a number of economic writers, contend that a progressive tax is more just and equal than a proportional one. In the absence of constitutional limitation, the question whether it is or is not is legislative and not judicial. The grave consequences which it is asserted must arise in the future if the right to levy a progressive tax be recognized involves in its ultimate aspect the mere assertion that free and representative government is a failure, and that the grossest abuses of power are foreshadowed unless the courts usurp a purely legislative function." (p. 109.)

In the earlier case in the same court, reviewing a judgment of the supreme court of Illinois upholding an inheritance tax law of that state, the following principles were declared:

"1. An inheritance tax is not one on property, but one on the succession. 2. The right to take property by devise or descent is the creature of the law, and not a natural right—a privilege, and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the states may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; and are not precluded from this power by the provisions of the respective state constitutions requiring uniformity and equality of taxation." (*Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283, 288.)

Referring again more directly to exemptions, it appears from a note to the report of *Booth's Exr. v. Commonwealth, ex rel. Jefferson County Atty.,* 130 Ky. 88, 113 S. W. 61, in 33 L. R. A., n. s., 595—a case quite pertinent upon this inquiry—that exemptions although differing in details, some being taken from the

whole estate, others from the specific share transferred, and still others only where the property does not exceed a certain sum in value, are generally held not to invalidate the law in which they are contained.

In Ross on Inheritance Taxation, § 133, it is affirmed that laws exempting transmissions of property where the value does not exceed a specified amount are not subject to constitutional objections.

It is concluded that the inheritance tax law does not violate that clause in the bill of rights declaring that free governments are instituted for equal protection and benefit, and is not in conflict with the constitutional provisions respecting uniformity in the operation of general laws and uniformity and equality in the rates of assessment and taxation.. No other constitutional objections to the statute are presented in the argument, or discussed. The statute is therefore held valid.

The scope of section 2 of the bill of rights was stated in *Atchison Street Rly. Co. v. Mo. Pac. Rly. Co.*, 31 Kan. 660, 3 Pac. 284, and section 1 was considered in the recent case of *Schaake v. Dolley*, 85 Kan. 598, 600-603, 118 Pac. 80. These decisions so far as pertinent to this case are in harmony with the conclusions reached.

The district court, holding the statute unconstitutional, sustained demurrers to the petition. This judgment is reversed, and the cause is remanded for further proceedings.