No. 19,552.

THE STATE OF KANSAS, *Appellee,* v. MARY MOLLIER, as an Individual and as Executrix, etc., *Appellant.*

### SYLLABUS BY THE COURT.

1. INHERITANCE TAX—*Property Transmitted by Will Subject to Inheritance Tax.* Section 1 of chapter 248 of the Laws of 1909 (Gen. Stat. 1909, § 9265), imposed a succession tax upon the right to take property by will or by the intestacy laws or by transfer made in contemplation of death. The provision in section 1 exempting from the operation of the act the case of a *"bona fide* purchase for full consideration in money or money's worth" was intended to apply solely to transfers by deed or grant made in contemplation of death, and has no application to the transmission of property by will.

2. SAME—*Property Involved Passed by Will—Not by Contract.* A will was executed in 1901 bequeathing all the property of the testator to his niece, in pursuance of a contract entered into between them many years before, by which she agreed to live with and care for him as long as he lived. When he died, in 1911, the contract had been fully performed. *Held,* that the property passed by the will and not by the contract, and is liable to the succession tax imposed by the inheritance tax law of 1909.

3. INHERITANCE TAX LAW—*Not in Conflict with Federal Constitution.* Whatever right accrued to the defendant under the contract in this case was acquired subject to the power of the legislature to regulate the devolution of property by will, and the act of 1909, imposing an inheritance tax upon property passing by will, is not, as applied to the property which passed to the defendant, in conflict with the provision of the federal constitution designed to protect the obligation of contracts.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed November 6, 1915. Affirmed.

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellant.

*S. M. Brewster,* attorney-general, *John L. Hunt,* assistant attorney-general, and *M. V. B. Van De Mark,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action was brought by the state to recover a tax upon a legacy and involves the construction of the inheritance-tax law.

The defendant is the sole beneficiary under the will of Louis Mollier, deceased, and is sued in her individual capacity and as executrix of the estate. The court sustained a demurrer to her answer. She elected to stand upon the answer and appeals from a judgment rendered in favor of the state. The defendant is the niece of Louis Mollier, deceased. In his lifetime he was a Catholic priest and for several years was in charge of a parish in Cloud county. More than twenty years before his death he made an agreement with defendant that if she would make her home with him, act as his housekeeper, and look after his welfare as long as he lived, he would make a will and bequeath to her all his property. She fully performed the contract on her part and continued to live with him and care for him until his death, which occurred February 10, 1911. In 1901 he made his will and in recognition of the contract named her as his beneficiary. It was duly probated, and she was appointed executrix.

The inheritance-tax law (Laws 1909, ch. 248, Gen. Stat. 1909, §§ 9265-9291) was repealed by chapter 330 of the Laws of 1913. In 1915 it was reënacted with numerous changes. (Laws 1915, ch. 357.) The first section of the original act reads the same as section 1 of the act of 1915, and imposed an inheritance or succession tax upon all property "which shall pass by will or by the laws regulating intestate succession, or by deed, grant or gift made in contemplation of death, or made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust—except in case of a *bona fide* purchase for full consideration in money or money's worth."

The defendant claims that she acquired the property not by will but by a contract which had been fully executed by her at the time the will took effect; that the will was merely the means agreed upon by which to convey to her the legal title to property which had already become hers when Louis Mollier died. She claims also that her case falls within the exception mentioned in the statute for the reason that she acquired the property by a *bona fide* purchase for full consideration in money's worth. She relies upon decisions of this court holding that where the execution of a will is part of a contract to make a will, the contract will be enforced by the courts in favor of

a person who has acted upon it.   (*Schoonover v. Schoonover,*
86 Kan. 487, 121 Pac. 485; *Holland v. Holland,* 89 Kan. 730.
132 Pac. 989; *Smith v. Cameron,* 92 Kan. 652, 141 Pac. 596.)

The doctrine of these cases is stated in the following excerpt
from the opinion in the Schoonover case, *supra:*

"Where one has rendered personal services to another under an oral
agreement for compensation by the devise of real estate, the contract
may be enforced irrespective of the question of possession, where the
services are of such a character that their money value can not be sat-
isfactorily estimated."   (p. 489.)

Another case upon which defendant places considerable re-
liance is *Nelson v. Schoonover,* 89 Kan. 779, 132 Pac. 1183,
where the court in an opinion denying a rehearing held that the
land was not subject to the inheritance tax.   Land was pur-
chased and paid for by the husband, who took the title in his
wife's name under an agreement that she would make a will
in his favor.   She died without making such will, and the
court decreed specific performance in favor of the husband.
The point was raised in a petition for rehearing that the exec-
utor was entitled to hold the property for the purpose of pay-
ing the inheritance tax.   In the opinion denying a rehearing it
was said:

"It is suggested that an effort may be made to charge the land, to
which the plaintiff is held to be entitled, with an inheritance tax, and
that if such an effort should be successful payment would have to be
made through the executor.   The plaintiff does not derive title to the
property by descent or will, but by contract.   Under the findings of the
trial court, which have been sustained upon appeal, the property was in a
sense his before his wife's death.   At all events he had paid for it, and
was not chargeable with an inheritance tax.   (37 Cyc. 1565.)"   (p. 784.)

In the case just cited no will was executed and so the prop-
erty did not fall within the letter of the statute imposing an
inheritance tax.   The defendant insists, however, that had
Louis Mollier failed to make the will she would have been
entitled to a decree for specific performance, or, in other words,
a decree declaring the property to be hers by virtue of the
contract; and that the fact that he complied with the contract
and executed the will ought not to make her situation less
favorable than if he had failed to do so and she had been
compelled to obtain relief through a suit in equity.   It is urged
that her title vested when the contract was made, subject

only to being defeated by her nonperformance, possession and enjoyment being only postponed during the life of Louis Mollier; that the execution of the will was not required to vest her title, for the reason that in equity the property was hers at his death with or without a will, and that the courts, if no will had been made, would have decreed her the legal title.

The contract between Louis Mollier and the defendant was made many years before the inheritance-tax law was enacted, and the will, executed in pursuance of the contract, was made in 1901, eight years before the law was passed; and it is urged by defendant that the evident spirit and purpose of the statute was to levy a tribute upon gratuitous transfers, the legislature being careful to protect the rights of legatees and devisees who, like the defendant, acquired the right to property "by *bona fide* purchase for full consideration in money or money's worth," notwithstanding the fact that literally speaking the legal title "passed by will." Finally, the defendant contends that if the provisions of the inheritance-tax law are held to operate upon a right accrued and vested prior to its enactment, the law is in conflict with those provisions of the federal constitution designed to protect the obligations of contracts. We have stated at some length the contentions of the defendant because of the importance of the question involved.

The state, on the other hand, claims that the legislative purpose is clearly expressed in the statute: to impose a tax, *first,* in the case of all legacies which pass by will or the intestacy laws; *second,* upon all transfers by deed, grant or gift, made in contemplation of death, except in the case of *bona fide* purchase for full consideration in money or money's worth"; and that the exception has no application to property which passes by will or intestacy, the quoted clause referring solely to transfers by deed, grant or gift. In this connection it is urged that it is not possible to purchase property to be conveyed by will or by intestacy laws; that while a binding promise may be made that a will shall be executed in a person's favor, or that no will shall be made so that property will pass by the intestacy laws, such a promise creates only contract relations, which the courts will enforce by granting

equitable relief after the death of the promisor; but that the contract does not constitute a *transfer* of property, because that continues to belong to the promisor until his death. In *Schoonover v. Schoonover*, 86 Kan. 487, 121 Pac. 485, we held that while such a contract would in a proper case be enforced in equity, the property itself was subject to probate as belonging to the deceased at the time of his death, and was liable for his debts, and that these were a lien upon the property prior to any rights of the promisee.

In our view of the statute, the exemption mentioned in section 1 was intended to apply solely to transfers by deed or grant. Wills are seldom made in consideration of money or money's worth. Deeds and ordinary grants are. True it is, a transfer by deed or grant may be supported by merely a good consideration; it is not necessary that there be a full consideration. Natural love and affection is sufficient. The legislature, however, recognized the force of "the ruling passion strong in death," and also the fact that the experience of other states has demonstrated that various shifts and devices would naturally be resorted to by the owners of large estates for the very purpose of avoiding taxes upon successions and inheritances, and that actual transfers of property would frequently be made in contemplation of death, with the intent that the property transferred should escape the tax. This is what the legislature had in mind by the provision that the succession should be taxed in all cases, except where the transfer, made by deed or grant in contemplation of death, was supported by a "full consideration" either in money or in money's worth. It is a rare instance indeed where the testator has received "full consideration" for the property bequeathed to a legatee, although such cases may occur. We do not think the legislature could have had such instances in mind, nor that the exception was intended to apply to property that passes by will any more than to cases where property passes "by the laws regulating intestate succession."

There remains only the contention that the imposition of a tax upon defendant's right to take under the will violates the obligation of the contract, and for that reason is in conflict with the federal constitution. We think it is clear that no obligation of her contract with Louis Mollier was violated by the statute.

The State v. Mollier.

Conceding that years before the statute was enacted the defendant acquired a vested interest, subject to being defeated by her nonperformance, this right was acquired subject to the power of the state to regulate the transmission of property in the manner provided in the contract. The parties were not obliged to contract that a will should be made; but, having done so, they must be held to have contemplated the execution of a will, which could be enforced only in accordance with whatever regulations the legislature might enact and that should be in force when the will took effect. If before Louis Mollier's death the legislature had declared that no will should be received for probate or have any force or effect unless executed and witnessed in a particular manner, the defendant could take nothing by a will which was not executed in the manner provided in the statute. The fact is that the particular method chosen, by which the defendant was in the future to be compensated for her services, called for a transaction which the legislature has declared shall be taxed, and the statute was in operation when the transaction was completed.

It has been universally held by the courts that statutes of this character impose a tax not upon the property but upon the succession, the right to take the property by will or by the intestacy laws or by transfer made in contemplation of death. (*The State, ex rel., v. Cline,* 91 Kan. 416, 137 Pac. 932; *United States v. Perkins,* 163 U. S. 625, 16 Sup. Ct. Rep. 1073; *State v. Guilbert,* 70 Ohio St. 229, 71 N. E. 636, 1 Ann. Cas. 25; *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627, 9 Ann. Cas. 711; *Kingsbury v. Chapin,* 196 Mass. 533, 82 N. E. 700, 13 Ann. Cas. 738.)

The tax is not imposed upon the right to give but upon the right to take property. Now, the right to the succession of property by will or inheritance is created in the first instance by the legislature, which may at any time abolish the right; and it necessarily follows that if the legislature may destroy the right it may regulate the exercise of it.

"Property itself as well as the succession to it is the creature of positive law. The legislative power declares what objects in nature may be held as property; it provides by what forms and on what conditions it may be transmitted from one person to another; it confines the right of inheriting to certain persons whom it defines heirs, and on the failure of such it takes the property to the State as an escheat.

"The right to give or to take property is not one of those natural and inalienable rights which are supposed to precede all government, and which no government can rightfully impair. There was a time, at least as to gift by will, it did not exist; and there may be a time again when it will seem wise and expedient to deny it. These are the uncontested powers of the Legislature upon which no article of the Constitution has laid its hands to impair them. If the Legislature may destroy this right, may it not regulate it? May it not impose conditions upon its exercise? And the condition it has imposed in this case is a tax." (*R. S. Pullen v. The Commissioners of Wake County*, 66 N. Car. 361, 363.)

In *Gelsthorpe v. Furnell*, 20 Mont. 299, 51 Pac. 267, the court had before it the same question in a case which involved the power of the legislature to impose a succession tax and to provide that the statute should apply to all estates which had been probated before but distributed after the passage of the act. In the opinion the court used this language:

"A vested right is held subject to the laws for the enforcement of public duties. Why, on a similar principle, is a right to take a legacy not subject to the laws for the assessment and collection of a tax, as a premium upon the right and privilege to receive the inheritance, as much as it is subject to laws which authorize the taxation of the very property bequeathed? It can not be denied that the tax is imposed for public uses and purposes. The whole state, including these legatees, have an interest in the collection of taxes for state purposes. Protection is guaranteed by the state, not alone to the property of the decedent and to those who are justly entitled thereto, but also to the right to receive the property, by affording to those enjoying that right means to determine its extent, and enforce the same when determined, to the end that it shall accrue absolutely to them, freed from the control of an administrator or executor. As a correlative proposition, the state has power to demand of those upon whom it confers the right, and to whom it affords this measure of protection, a tax, to help sustain its protection. . . . Nor is there anything in the federal or state constitutions which prevents the state, during this period of administration and control, from imposing and collecting the tax upon the vested right to receive, before the legatee actually received under a decree of distribution. The interests vested only in the manner and upon the conditions authorized by the laws of the state (*Prevost v. Greeneaux*, 19 How. 1) and the imposition of an inheritance tax, though made as a condition for the taking of the inheritance after the right to take was vested, yet before the taking, does not impair the value of the right in any greater manner than the imposition of a rate of taxation greater after an interest vested, than before, would impair the value of the property itself." (pp. 311, 312.)

The defendant's claim that she does not, strictly speaking, take by virtue of the will but solely by a contract which has

been fully executed, and for that reason the statute can not be held to operate, is quite fully answered by the reasoning of the court in the *Matter of Gould*, 156 N. Y. 423, 51 N. E. 287. Shortly before his death Jay Gould agreed with his son George that the value of the latter's services in his father's business for twelve years amounted to $5,000,000, and that the father was indebted to his son to that extent. He thereupon made a will reciting the facts respecting the services the son had rendered him and fixing their value at the agreed amount, and providing for its payment out of certain securities mentioned. The court held that this bequest was subject to a legacy tax. In the opinion the court said:

"He could have refused compensation in this manner, and had he done so whatever sum he might have recovered against the estate under the agreement with his father would not have been taxable under the Taxable Transfer Act, for there would have been in such case no transfer by will. This he did not do; but instead elected to accept a transfer of a certain amount of money, bonds and stocks under the will in compensation for his services, and the question is, Is the money and property thus transferred taxable. To that question the statute must furnish the answer.

"The statute reads: '*A tax shall be and is hereby imposed upon the transfer of any property . . . when the transfer is by will.*' It will be noted that the imposition of the tax is not limited to property gratuitously given by will, but is extended to *all* property so transferred. Was not the property mentioned in this codicil transferred by will? Certainly it was, for the title to the bonds and stocks described in the codicil was taken away from the estate of Jay Gould and vested in George J. Gould under and by virtue of the second codicil of the will and such property is, therefore, taxable under the express provisions of this statute." (p. 426.)

It follows from what has been said that the property transmitted to defendant by the will is liable for the payment of the inheritance tax.

The demurrer to the answer was rightly sustained, and the judgment is affirmed.

Dawson, J., not sitting.