No. 25,874.

FRANK E. JONES, as Administrator of the Estate of HARRY W. JONES, Deceased, *Appellee*, v. NOAH L. BOWMAN, C. D. FOSTER and J. M. RYAN, as The Inheritance Tax Commission, and F. R. LANTER, as County Treasurer of Johnson county, *Appellants*.

SYLLABUS BY THE COURT.

TAXATION—*Inheritance Tax—Valuation—Deduction of Federal Estate Tax.* The inheritance act, providing for the taxation of legacies and successions, is imposed on the distributive shares of the decedent's estate which pass to and are received by the beneficiaries, and in determining the value of the succession the amount of the federal estate tax should be deducted and the state tax imposed upon the property or amount actually received by the beneficiaries.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 11, 1925. Affirmed.

*Charles B. Griffith,* attorney-general, *John G. Egan,* and *William A. Smith,* assistant attorneys-general, for the appellants.

*Otis S. Allen,* of Topeka, for the appellee; *S. H. Allen,* and *George S. Allen,* both of Topeka, of counsel.

*William Osmond,* of Great Bend, as *amicus curiæ.*

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to require the abatement and deduction of succession taxes charged against the distributees of the estate of Harry W. Jones, deceased, to the extent of the federal estate tax which had been collected.

The question presented is, should the inheritance tax commission of the state, in assessing the succession tax, impose it upon the distributive shares of the whole property which passed by the will of the testator or only upon the amounts actually received by the beneficiaries? The estate was appraised at $1,433,345.49, and upon it the federal authorities assessed and collected a federal estate tax of $112,503.15, but the state inheritance tax commission refused to deduct this amount and imposed a succession tax upon the gross estate of the decedent. The deduction, if made, would reduce the succession tax in the amount of $4,500.52, and the abatement of this sum was sought in this action. The trial court held and adjudged that the commission be required to abate and refund to plaintiff $4,500.52.

In this appeal the defendants contend that under our statute the succession becomes effective upon the death of the testator, that the measure for ascertaining the amount of the succession tax is to be based on the amount of property which passes under the will of the testator, and that as certain exemptions were specifically prescribed by the legislature, the evident intention was that no other deduction may be made. It is conceded that the state has the power to impose the succession tax and to fix the rate of tax for the privilege of succeeding to property and also to prescribe the measure by which the amount of the tax shall be ascertained. A federal estate tax is imposed upon the estate left by the decedent without regard to distribution, and its payment necessarily diminishes the amounts which shall be received by legatees or distributees. It is not levied upon the succession or the right of persons to receive property from the estate of a decedent, but is levied upon the whole estate left by the decedent.

The question which divides the parties is, Should the federal estate tax be deducted before computing the succession tax imposed by the state? It was within the power of the legislature to impose the tax either upon the right to transmit the estates of decedents or upon the beneficiaries, based on the amount they received. We are to decide what was the purpose and theory of the legislature in imposing the tax, and as to that the statute must control. Consideration has been given to the intention of the legislature and to the interpretation of the statutory provisions in two prior cases. (*The State, ex rel., v. Cline,* 91 Kan. 416, 137 Pac. 932; *Trust Co. v. The State,* 110 Kan. 153, 202 Pac. 853.) The Cline case determined the validity of the act of 1909 (Laws 1909, ch. 248). That act was repealed in 1913 (Laws 1913, ch. 330), while the act now in force was enacted in 1915 (Laws 1915, ch. 357), and was amended by chapter 305 of the Laws of 1919 (R. S. 79-1501). The act of 1909, while it differed in details, was substantially the same in theory as the one under consideration, and in the Cline case the right to impose the tax was upheld, and in its interpretation it was said:

"While our statute, like many others, refers to the succession or transfer as property subject to the tax, there is practical uniformity in the decisions in states having statutes containing similar phraseology that this is not a property tax, but a tax upon the right of succession; upon the right to receive, and not upon the property, nor upon the right of disposal." (p. 419.)

In *Trust Company v. The State,* supra, the existing statute was construed and it was expressly ruled that:

"The so-called inheritance tax (Gen. Stat. 1915, ch. 115, art. 7) is a charge upon the right to receive property passing by descent or will." (Syl. ¶ 1.)

In a review of the various propositions of the statute it was held to have been the legislative intention to impose the tax, not on the whole property of the estate, but rather upon the distributive shares which passed to the beneficiaries. Although not involved in the case, reference was made to a New York decision that the federal estate tax should not be deducted before computing the tax imposed on the shares received by beneficiaries, and it was said:

"This is not in accord with the general trend of authority in other states." (Gleason & Otis, Inheritance Taxation, 2d ed., 383.)

Our statute in title and text purports to impose the tax on legacies and successions. In providing the manner and method of collection the statute, after providing for certain exemptions, proceeds:

"Distributees of estates, whether they succeed to the ownership of their respective shares by reason of the provisions of a will or under the law of descents and distributions, or by deed, grant or gift made in contemplation of death, shall be classified as follows," etc.

·After providing for three classes of distributees, it provides:

"From the value of the shares, as ascertained under the provisions of this act and succeeded to by the several distributees, exemptions shall be allowed as follows: To the surviving wife, $75,000; to each other member of class A, $15,000; to each member of class B, $5,000; and the tax herein provided for shall be charged only upon the excess value of the shares over and above the exemption herein declared," etc.

Another provision is that—

"Upon the value of shares succeeded to by members of class A in excess of the exemptions herein declared, the following rates of tax are hereby imposed," etc.

And this is followed by a schedule of rates. (R. S. 79-1501.)

In providing for a tax on life estates it is declared:

"The tax on the several shares of the estate, including shares of which vested estates in remainder may be a part or all, shall be due and payable to the treasurer of the proper county, as hereinbefore provided, and said tax shall remain a lien upon the entire property of the respective shares until paid," etc. (R. S. 79-1504.)

There is another provision that—

"Whenever, for the purpose of obtaining a determination by the inheritance tax commission as to the taxability of and the amount of tax, if any, which is chargeable against any distributive share or· shares of the estate of a decendent under the provisions of this act," etc.,

notice of an application for the determination is to be given, and it then proceeds:

"And after the value of the shares shall have been ascertained, and the tax chargeable against any of the said shares, if any, shall have been determined, the commission shall make an order determining such value," etc.

As to the estates of nonresident decedents having property within the state, it is provided that—

"The tax upon the distributive shares of such property shall be determined by the commission, and in all such cases the commission may require that the tax shall be paid directly to the state treasurer," etc.  (R. S. 79-1512.)

These, and other provisions not quoted, all indicate that the legislature intended that the state tax is to be imposed on the shares actually transmitted to the beneficiaries rather than upon the right to transfer or upon the estate the decedent leaves.  There can be no distribution of an estate until the levy made by the United States is paid.  A distributee never acquires any interest in that part of the estate, in no sense does it pass to him, and he is only required to pay a tax on the share he receives.  We find nothing in the act implying that he is to pay a tax on property to which he does not succeed and which can never pass to him.  In measuring the state inheritance tax many decisions have been made as to whether the federal estate tax should be first deducted, and there is some diversity of opinion in them.  The following are some of those holding that the federal estate tax is to be deducted:  *Hopper v. Shaw,* 176 Mass. 190; *Old Colony Trust Co. v. Treas. & Rec. Gen.,* 238 Mass. 544; *The People v. Pasfield,* 284 Ill. 450; *The People v. Northern Trust Co.,* 289 Ill. 475; *State, ex rel. L. A. Smith, v. Probate Court,* 139 Minn. 210; *Corbin v. Townshend,* 92 Conn. 501; *The People v. Bemis,* 68 Colo. 48; *In re Roebling's Estate,* 89 N. J. Eq. 163; *In re Inman's Estate,* 101 Ore. 182; *Knight's Estate,* 261 Pa. St. 537; *State v. First Calumet Trust, etc., Co., Exr.,* 71 Ind. App. 467; *Bingham's Admr. v. Commonwealth,* 196 Ky. 318; *Estate of Miller,* 184 Cal. 674; *Tax Commission v. Lamprecht,* 107 Ohio St. 535.

Some of the cases holding that the federal tax is not deductable are:  *Sherman's Estate,* 222 N. Y. 540; *In re Estate of Sanford,* 188 Ia. 833; *Succession of Gheens,* 148 La. 1017; *Hazard v. Board of Tax Commissioners,* 43 R. I. 431; *Estate of Week,* 169 Wis. 316; *In re Sherwood's Estate,* 122 Wash. 648; *Estate of Watkinson,* 191 Cal. 591.

The last California case was decided by virtue of a change in a later statute which expressly provided that the federal estate tax should not be deducted.  Other decisions may be found in notes in 7 A. L. R. 714, 16 A. L. R. 702, 23 A. L. R. 852, and 31 A. L. R. 992.  It is evident from an examination of the authorities that the differences of views arise in part from differences in the statutes imposing the tax, and in some cases the diversity is based on the theory that the tax was levied on the right to transfer instead of the right to receive.  Where statutes are interpreted as providing for a tax upon the whole estate of the decedent or the right of transmission, the courts in most cases have held that the federal estate tax is not to be deducted; while statutes construed as a tax upon the right to receive distributive shares generally have been held to impose the tax upon the amounts actually received by the beneficiaries.

It is reasonably clear that our statute imposes the tax upon distributive shares which pass to the beneficiaries, and it follows that the plaintiff was entitled to the abatement asked and that the judgment of the trial court must be affirmed.