No. 22,865.

THE STATE OF KANSAS, ex rel. WILLIAM H. BURNETT, as County Attorney of Reno County, *Appellant,* v. C. H. HUMPHREYS, as Mayor, S. J. TETER et al., as Commissioners, and ED METZ, as City Clerk of the City of Hutchinson, *Appellees.*

### SYLLABUS BY THE COURT.

CITIES OF FIRST CLASS—*Mayor and Commissioners May be Elected Only in Odd-numbered Years.* Section 3 of chapter 95 of the Laws of 1911 is amended and repealed by chapter 123 of the Laws of 1919 and under the later act regular elections for the election of mayor and commissioners can only be held in Hutchinson and in other cities of the first class in the odd-numbered years.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed March 18, 1920. Affirmed.

*William H. Burnett,* county attorney, for the appellant; *C. M. Williams,* and *Walter F. Jones,* both of Hutchinson, of counsel.

*W. A. Huxman,* city attorney, for the appellees; *F. Dumont Smith,* of Hutchinson, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a mandamus proceeding to compel the holding of an election in the city of Hutchinson on the

first Tuesday in April, 1920, to choose a mayor and two commissioners. The trial court denied the writ, and the plaintiff appeals.

Hutchinson, which had been a city of the second class operating under the commission form of government, became a city of the first class on February 21, 1911. It had then and has now a population of less than 30,000. On April 2, 1912, an election was held to vote upon the proposition whether the city should abandon its form of government, the substantial equivalent of whether it should continue the commission form of government, and by a large majority the legal voters determined to continue that form of government. At the election in April, 1911, there was elected a mayor for one year, two commissioners for a term of one year, and two commissioners for a term of two years, and since that time annual elections have been held in April, at which a mayor was elected for one year and two commissioners for two years. The present mayor and commissioners, acting under legal advice, have determined that under existing laws elections can only be held in April of the odd-numbered years, and have announced that they will not call an election to be held on the first Tuesday of April, 1920. Because of a contention that under the statutes an election should be held in Hutchinson this year, this proceeding was brought.

The dispute has arisen on account of the peculiar and conflicting provisions of a statute relating to cities of the class to which Hutchinson belongs. In section 3 of chapter 95 of the Laws of 1911, it is provided:

"SEC. 3.   Section 1227 of the General Statutes of 1909 is hereby amended to read as follows: Sec. 1227. In each odd-numbered year there shall be elected, in all cities of the first class, adopting the provisions of this act, a mayor and four commissioners who shall constitute the board of commissioners of such cities and who shall hold their office for a term of two years, and until their successors are elected and qualified. The mayor shall be the presiding officer of such board of commissioners: *Provided,* That in any city which shall hereafter become a city of the first class, having a population of less than 30,000, which has heretofore adopted the commission form of government, such commission form of government shall continue, except as herebefore [hereinbefore] provided, and there shall be elected at the special election to be called as hereinbefore provided, a mayor who shall hold office until the next regular April election, and thereafter the mayor

shall be elected annually. There shall be elected at the same time four commissioners, two of whom shall hold office until the next regular April election, and two of whom until the second regular April election and thereafter their successors shall be elected every two years. Candidates to be voted for at such special elections shall be named at a primary which shall be held on the second Monday preceding the election, and such primary shall be governed so far as applicable by the provisions of section 1226 of the General Statutes of 1909." (Gen. Stat. 1915, § 1469.)

This statute was enacted just prior to the time that Hutchinson became a city of the first class and appears to have been provided for the transition from the second to the first class of cities having less than 30,000 inhabitants and a commission form of government. There is some confusion in the section in regard to the election of officers of such cities. It first provides that elections shall be held in the odd-numbered years when the mayor and four commissioners shall be elected for terms of two years, and until their successors are elected and qualified, and then follows the provision that when a city becomes a city of the first class which has previously adopted the commission form of government, and decided by a vote of the electors to continue that kind of government, a mayor shall be elected at the special election, who shall hold his office until the next regular election, and thereafter shall be elected annually. Following this is the provision in relation to the election of four commissioners to hold their offices until the next regular election, after which two of them shall be elected for two years and two for four years, thus arranging for rotation in those offices. Having first provided for regular elections in the odd-numbered years, there is some ground for the contention that the legislative purpose was to establish uniformity in the holding of biennial elections in cities like Hutchinson, the same as in other cities of the first class, that the provision that the mayor shall be elected annually was an obvious inadvertence, and that the intention was to use the word "biennially" instead of "annually." It has been held that where it is plain that the legislature used one word when another was intended, the act may be treated as if the proper word had been employed. In *Coney v. City of Topeka,* 96 Kan. 46, 149 Pac. 689, it was said:

"It is familiar law that legislative enactments are not any more than any other documents to be defeated on account of errors, mistakes

The State, *ex rel.*, v. City of Hutchinson.

or omissions. Where one word or figure has been erroneously used for another or a word omitted, and the context affords the means of correction, the proper word or figure will be deemed substituted or supplied. This is only making the naked letter of the statute yield to its obvious intent." (p. 49.)

It is not necessary to determine whether or not that rule should be applied to this statute, that is, whether it was the purpose of the legislature to use the word "biennially" instead of "annually" in the section quoted. It may be that there was an intention to provide for annual elections in cities like Hutchinson when they passed from one class to another. We will, therefore, not undertake to determine whether there is an obvious error in the use of the word "annually" which can be corrected from the context of the act, as the legislature has made the correction in a later act, and that is sufficient for the present case. At the session of 1919 the provision quoted was repealed and in its place was enacted an amended one which provides that the mayor of such cities shall be elected biennially. (Laws 1919, ch. 123.) The act is prospective in its operation and applies to the city of Hutchinson. The manifest purpose was to get rid of the confusion and difficulties resulting from the operation of the act of 1911, also to avoid annual elections and the trouble and expense incident to frequent elections, and to secure uniformity so that elections in the city of Hutchinson and other cities of that class should be held biennially in April of the odd-numbered years the same as in all other cities of the first class. We think the act accomplished that purpose, and any vacancy in the offices of mayor and commissioners, arising prior to the election of 1921, may be filled in the manner provided by the general laws.

Our conclusion is that the district court ruled correctly in holding that under the law no regular election is to be held in the city of Hutchinson in April of this year. That judgment is affirmed.