No. 24,311.

GEORGE L. HAMM et al., *Appellants*, v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF JEFFERSON, *Appellee*.

SYLLABUS BY THE COURT.

1. COUNTY ROADS—*Improvements—Partially Completed—Levy of Taxes*. The
county commissioners may make the eighty per cent levy upon property
in a road benefit district provided for by section 2, chapter 218, Laws of
1921, when a section of the road has been completed, or upon the completion
of the grading, draining and culverts forming a part of the improvements
upon the entire road petitioned for.

2. SAME—*Levying Taxes—Method Used in Determining Benefits Accruing to
Separate Tracts of Land — Compliance with Statutes*. The county com-
missioners levied an assessment upon the several tracts of land in a road
benefit district by determining the benefits accruing through considering
the value of the land, the value of the improvements, and the nearness and
accessibility of the respective tracts to the road. *Held*, to be a proper
compliance with the statute.

3. SAME. An assessment levied upon the several tracts of land in a road bene-
fit district according to the benefits accruing to the real property and im-
provements thereon made by the county commissioners using their best
judgment, which resulted from honest and intelligent consideration, will
not be set aside by injunction.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion
filed April 7, 1923. Affirmed.

*Oscar Raines*, and *A. E. Crane*, both of Topeka, for the appellants.

*W. O. Worswick*, county attorney, *H. T. Phinney*, of Oskaloosa, and *O. P.
May*, of Atchison, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit by taxpayers in a hard-surface road
benefit district to enjoin the eighty per cent assessment made by
the board of county commissioners. At a trial before the court
judgment was for defendants, and the plaintiffs appeal. Three ques-
tions are presented. First, that the county commissioners had no
jurisdiction to make the assessment at the time it was made; second,
that in making the assessment the county commissioners did not
determine the benefits accruing to the real property and improve-
ments within said district, and third, that the assessment made by
the county commissioners is arbitrary, illegal, unjust, and excessive.
We will consider these in their order.

That portion of the statute under which the assessment in question was made, being a part of section 2, chapter 218 of the Laws of 1921, reads as follows:

"Upon completion of a section of road which forms a part of the improvement of a road petitioned for under the provisions of this act, or the grading, draining and culverts, forming a part of the improvement under a petition specifying that the road shall be hard-surfaced, the board of county commissioners may levy assessments against the lands benefited thereby for eighty per cent of the benefit district's share of the cost of the completed work and shall levy additional assessments for the remainder of the cost, equitably adjusting the apportionments when the entire improvement is completed."

Appellants contend that the section of the road was not completed, and hence that the commissioners had no jurisdiction to levy the eighty per cent assessment. It will be noted that the statute names two conditions under which the assessment may be levied; first, "upon completion of a section of road," or, second, upon completion of "the grading, draining and culverts forming a part of the improvements under a petition specifying that the road shall be hard-surfaced." The evidence was that the grading, draining and culverts forming a part of the improvements under the petition were completed. This gave the board jurisdiction to make the levy. The section of the road was, in fact, not completed, though it was substantially so, and it was completed within a few days. In view of the fact that one of the conditions prescribed by the statute was fully complied with, it is not necessary for us to consider the question of whether or not the substantial compliance with the other condition of the statute would authorize the levy.

Appellants contend that the levy of the assessment is illegal for the reason that the county commissioners did not determine the benefits accruing to the real property and improvements within the benefit district in making the levy. The record does not bear this interpretation. Briefly stated, this is the method the commissioners used: The commissioners personally went over the benefit district and upon actual view of each tract of land placed an appraisal value thereon. This appraisal value was based upon the actual or market value of the land as determined by its quality for agricultural purposes, without regard to its improvements, and without regard to its location as to cities, schools, churches, etc. The improvements were also appraised, by just what method is not shown, but as appellants make no complaint of that, we assume it was by a

proper method. Then the commissioners established zones through-
out the benefit district and each tract of land in the benefit district
was placed in a designated zone. This was determined by the loca-
tion of the land as regards its nearness and accessibility to the road
in question and the benefits accruing thereto. Lands immediately
adjoining the road, most accessible to it, and deriving the greatest
benefits therefrom, were placed in zone "A." Lands a little farther
from the road, not so accessible to it nor deriving so much benefit
from it as the lands in zone "A," were placed in zone "B." Other
lands farther from the road, and with the same considerations in
view, were placed in other zones. By a formula, of which no com-
plaint is made, the appraisal values of the lands and the improve-
ments were adjusted to the zones in which the lands were located
and the result was used as the basis for the levy and assessment.
By this method the assessment was placed upon the value of the
land and improvements, and its nearness to and accessibility to the
improved road, and the benefits accruing to the land by reason
thereof. In other words, the commissioners considered that valu-
able lands would have greater benefits accruing to them than lands
of less value; that lands well improved would have greater benefits
than lands poorly improved or unimproved; and that the benefits
accruing to any tract of land in the benefit district would depend
to a substantial degree upon the nearness of the land, or its accessi-
bility to the improved road. All these matters were taken into con-
sideration in making the levy and assessment as to each tract of
land, and the method is a full compliance with the statute (Laws
1921, ch. 218, § 2), the pertinent portion of which reads as follows:

"The county commissioners shall . . . apportion the cost thereof as
follows . . . twenty-five per cent among the several tracts of land within
the benefit district . . . according to the benefits accruing to the real
property and improvements thereon."

Appellants contend that the assessments levied upon their re-
spective tracts are arbitrary, illegal, discriminatory and unjust, and
for that reason should be enjoined. We have examined the record
carefully and are unable to find anything warranting this position.
The entire record discloses that the commissioners and other county
officials spent a great deal of time and took much care to investigate
the proper method of equitably determining the assessments as to
various tracts. Some of the officials visited the state highway de-
partment and there investigated methods that were used in other

road benefit districts and counseled with the officials of the highway department and others as to a proper and just method to pursue. The commissioners took the time to go over the benefit district and upon, or in actual view of, each tract of land, to consider, not only its appraisal value as before stated, but to judge as to each tract in what zone it should be placed with reference to the benefits accruing to that land by reason of the road. The commissioners levied the largest part of the assessment on lands in zone "A," the next largest in zone "B," and so on through the various zones. It is possible that the portion, for instance, which they assessed to zone "A" is a little larger than it should have been compared to what was assessed to zone "B" or some other zone; but those are matters which the commissioners were in much better position to judge than we are. They took the time and gave it their personal attention. There is no fraud charged against their conduct in the matter, nor any intimation that they were not endeavoring to make a just and equitable levy and assessment. We see no reason for setting it aside. The judgment is affirmed.