No. 26,430.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ANDERSON, *Appellee.*

SYLLABUS BY THE COURT.

HIGHWAYS—*Taxes and Assessments—Benefit Districts—Method of Apportionment.* "The board of county commissioners in making an assessment against the property of a railroad company in a benefit district for the cost of constructing a hard-surfaced road should follow the same general method as is followed with reference to other property which is liable for its proportionate part of such cost;"—following *Railway Co. v. Labette County,* 113 Kan. 423, 215 Pac. 447.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed February 6, 1926. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *F. M. Harris,* of Ottawa, for the appellant.

*Bert L. Woods, John K. Bowman* and *DeWitt M. Stiles,* all of Garnett, for the appellee.

Highways, 29 C. J. p. 744 n. 89; 28 L. R. A. 249; 12 L. R. A. n. s. 112.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to enjoin a special assessment for the construction of a hard-surfaced road. The defendants prevailed and plaintiff appeals.

The controversy arises over the method by which the assessments were determined.

The plaintiff relied largely upon the testimony of the county commissioners and a former county clerk, contending that there had been no proper investigation of the benefits which the property in the district would derive from the improvement; that the commissioners failed to exercise their own judgment in determining such benefits; and that they did not properly value the railway properties nor the real estate within the district.

The improvement under consideration was known as the "King of Trails Highway," divided into several projects. The total cost was something over $500,000. The amount was made up of federal, state, county and township aid, and $56,400 in the benefit district involved in this action. The amount to be raised from the land in the benefit district was apportioned among three zones. In the first 49.8 per cent, in the second 34.2 per cent, and in the third 16 per cent. This method of apportionment resulted in an assessment upon the valuation put upon the property in zone 1, of 3 per cent, zone 2, 2.3 per cent, and zone 3, .5 per cent.

The commissioners very properly put plaintiff's property in zone 3. It included two reservoirs. The trial court concluded that the assessment fixed by the commissioners, so far as it related to the reservoirs, was erroneous, as was also failure of the commissioners to include churches and schoolhouses.

We are of opinion there were other errors which will require a reassessment of plaintiff's property. It is not necessary to set out or analyze the evidence. It appears that no distinction was made by the commissioners in the assessment of benefits against property, the improvements of which were located on the highway, and other properties in the same zone where the improvements were located distant from the highway. The assessment of benefits against plaintiff's property appear to have been made, largely, upon the basis of its valuation for the purpose of general taxation fixed by the state tax commission. There was no independent investigation by

the commissioners to ascertain a basis for proper valuation, no examination or inspection of the properties such as examination of rails and roadbed, listing of buildings, bridges, culverts, measurement of cuts or fills, etc., and no exercise of independent judgment by them upon the facts which were ascertained. The tax rolls of farm property as returned by the assessor and the report of the tax commission as applied to railroads, exclusive of rolling stock and material were adopted and used as a basis for assessment of benefits. This was not a correct method. The tax commission fixes it valuations of railway property by taking into consideration, not only the physical right of way and track, but various other intangibles, including stocks and bonds owned by the company, its connection with other roads, its earning capacity, its value as a railway property, and other items reported to it. The value is placed upon the property as a whole and apportioned on a mileage basis through the taxing districts which it traverses. It will readily be seen that the commissioners in the instant case were in error in merely adopting the value fixed by the tax commission with its rolling stock and materials excluded.

A similar situation was considered in *Railway Co. v. Labette County*, 113 Kan. 423, where it was said:

"The ratio of benefits cannot always be determined with mathematical precision, but the assessment should be made as nearly equal as possible. This is ordinarily done by the commissioners upon actual view of the property and the placing of an appraisal value thereon as determined by its quality for the purpose for which it is used. (*Hamm v. Jefferson County*, ante, p. 301.) The assessments must be made upon all real property and the improvements thereon which is substantially and directly benefited. . . . There were various elements to be considered in arriving at a fair valuation of plaintiff's property for the purpose of this assessment. The board of county commissioners could not adopt the valuation fixed by the state tax commission as a basis for the assessment because that valuation included items such as franchises, rolling stock, material on hand, supplies and tools, moneys and credits. (Gen. Stat. 1915, § 11244), and perhaps other items which could in no sense be said to be 'real property and improvements thereon.' It could, however, have considered such valuation in connection with other factors in ascertaining its value as a basis for the assessment. The valuation of the main line of a railroad is ordinarily higher than that of the sidings. This might have properly been taken into consideration. The commissioners could have properly considered the elements constituting each kind of track; also the present fair condition of the materials comprising each and the purpose for which it is used. They could have considered the roadbed, ballast, culverts, bridges, if any, its ties and rails in place, fences and other improvements. These elements, with any others which might

Missouri Pac. Rld. Co. v. Anderson County Comm'rs.

have aided the county commissioners in arriving at the fair value of plaintiff's property, should have been considered as a basis for the assessment. Depending upon local conditions, there may have been other elements that should have been considered—proximity and accessibility of the improvement to plaintiff's property, the advantage, if any, to plaintiff of affording enlarged or improved trade territory could have been properly considered." (pp. 426, 427. See, also, *Hamm v. Jefferson County*, 113 Kan. 301, 214 Pac. 105; *Railroad Co. v. Jefferson County*, 114 Kan. 156, 217 Pac. 315.)

Other questions raised in the briefs need not be discussed.

The judgment is reversed and the cause remanded with directions to permit the board of county commissioners to make a new assessment on plaintiff's property.