No. 29,209.

THE STATE OF KANSAS, ex rel. LAWRENCE F. DAY, County Attorney, *Plaintiff*, v. THE STATE HIGHWAY COMMISSION, *Defendant.*

(281 Pac. 855.)

Opinion filed November 9, 1929.

*Lawrence F. Day,* of Atchison, for the plaintiff.

*Roland Boynton,* of Topeka, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a mandamus proceeding, and involves the reimbursement provisions of the statute, in which the state highway commission is required to make reimbursement where highways have been built under the benefit-district plan. There is no dispute that reimbursement is to be made to taxpayers of the principal of the assessments, but the contention between the parties is as to the payment of interest under the provisions of sections 17 and 18 of chapter 225 of the Laws of 1929. The pertinent provision of section 17, being the third paragraph thereof, is as follows:

"There shall be apportioned the sum of $700,000 quarterly to the 105 counties as follows: 40 per cent shall be apportioned equally to the 105 counties of the state and 60 per cent shall be apportioned among the 105 counties of the state in proportion to the assessed valuation based on the preceding year's assessment, this fund to be used by the state highway commission in the county to which it is apportioned as follows: First, where roads on the state highway system have been built under the benefit district plan to payment and reimbursement of benefit district assessments as provided in section 18 of this act; and for the payment of the principal sum of outstanding warrants issued by any county for the construction, improvement or reconstruction of the state highway system; second, for maintenance of that portion of the state highway system within the respective counties; third, for con-

struction of state highways: *Provided,* that not more than 50 per cent of the remainder of the fund allocated to such county under the provisions of this paragraph shall be used in any one year for construction of state highways in such counties until reimbursement has been made to the townships, and to the counties as hereinafter set out; fourth, for reimbursement (*a*) to townships, and (*b*) to counties, as provided in section 18 of this act."

Then in section 18 it is provided—

"That section 9, chapter 255, Laws of 1927, be amended to read as follows: The state highway commission shall apply that portion of funds provided for reimbursement by number 3 of section 17 of this act first to the payment of the installments of the benefit district tax assessed on the property in such benefit districts as the same become due and to the reimbursement to the taxpayers of all assessments made and collected on such lands and improvements but not more than one of the assessments made and collected or payments as they become due shall be reimbursed to the taxpayers in the district in any one year. Such payments and reimbursements to be made in full upon the land and improvements which lie one (1) mile or more from the road for which the benefit district tax was assessed, and upon the lands and improvements which lie within one (1) mile of such road in the amount equal to 80 per cent of said assessment, except, however, that when the road for which the benefit district tax was assessed is a gravel, sand, sand clay or road of like class, then the reimbursement upon the land and improvements which lie within one mile of such road shall be in an amount equal to 50 per cent of such assessments: *Provided,* That if, in any year, the funds from which such payments and reimbursements are to be made shall be insufficient to make such payments and reimbursements in full, the state highway commission shall prorate said fund among the several benefit district taxpayers, and the balance of said payments and assessments shall thereafter be reimbursed: *Provided further,* That when no tax or assessment has been levied against the lands and improvements in said benefit districts, the state highway commission shall pay the portion of the cost chargeable to the lands and improvements in such benefit districts, in which event no special assessments shall be levied against the lands in said benefit district or districts: *Provided further,* No interest shall be paid under this section to any person, to any township or to any county: *And provided further,* The state highway commission shall not be bound to reimburse to any township or to any county (under the benefit district plan) more than 5 per cent of the amount found to be due such township or county under this act, in any one year, but the state highway commission may in its discretion reimburse any such township or county the whole or any larger part found due such township or county, however, the state highway commission shall not make any reimbursement to any township or to any county unless such reimbursement can be made under the order of apportionment and out of the fund as provided in number (3) of section 17 of this act: *Provided further,* The right to reimbursement under this act shall not be assignable separate from the sale of the land and no reimbursement in any amount shall be made or paid to any person who has acquired the claim for reimbursement separate and apart from the real property."

It is contended by plaintiff that under the statute reimbursements are to be made to taxpayers not only upon the amount of the assessments as first levied, but also of the interest which has accumulated thereon where payments of the assessments were to be made in installments during a stated period and where warrants or bonds were issued for deferred payments. The defendant interprets the statute to mean that no interest is to be paid to any person upon the assessments which such person has paid under the benefit-district plan. It is conceded by defendants that but for the proviso the full amount of the principal and interest should be reimbursed to taxpayers on the bonds issued on the deferred payment of assessments.

The only question in controversy, therefore, is the meaning and application of the proviso that "no. interest shall be paid to any taxpayer, to any township or to any county." In paragraph 3 of section 17 the legislature provided for a fund of $700,000, to be apportioned among the counties of the state upon a fixed basis and out of this fund there should be reimbursement to taxpayers, and that these reimbursements should be made "where roads on the state highway system have been built under the benefit district plan to payment and reimbursement of benefit district assessments as provided in section 18 of this act." Section 18 declared that in making reimbursement to taxpayers no interest shall be paid by the state highway commission. That provision is unqualified and imperative. The proviso was the principal amendment made to the reimbursement provisions of the Laws of 1927, chapter 255, section 9, in which payments were left to the option of the boards of county commissioners. The later statute providing for reimbursements made. payment mandatory. It placed a number of restrictions on all payments and then declared that in making reimbursement under that law, no interest should be paid to taxpayers. This was an added restriction. It was the province of the legislature to provide whether any reimbursement should be made and, if made, the extent of it. It could provide for partial or entire reimbursement, and also place a limitation on the times when reimbursement would be made. It did provide under section 18 for a number of restrictions as to payments, as where the lands assessed were within a mile of the improved road as well as to when payments to a township or county. should be made, and it provided that the right to reimbursement, apart from a sale of the land, should not be assignable. Having

provided that no interest should be paid on assessments, its mandate cannot be overlooked or treated as nugatory.

Plaintiff contends that the provision that no interest shall be paid applies to those taxpayers who paid their assessments in full within thirty days after the assessment was levied, and until reimbursement was made, but that it does not apply to landowners who did not pay the full amount of the assessment at that time, and for which bonds were issued payable in annual installments until the full amount was discharged. We can see nothing in the statute indicating an intention of the legislature to discriminate in favor of a class of taxpayers and against another class. There would be no justice in the paying of interest to those who failed to pay when the assessments were made and to deny interest to those who made full payments when the assessments were made, and possibly with money borrowed for that purpose.

There is some contention that the use of the term "installments" in parts of the act warrants the inference that interest was to be included with the principal in the reimbursements authorized. The words "installments" and "assessments" are both used in the act and evidently were interchangeably used, but the legislature has made it clear that however expressed neither was to include the payment of interest by the state highway commission. In *State, ex rel., v. Horn,* 126 Kan. 591, 270 Pac. 597, the court had under consideration the interpretation of the reimbursement statute of 1927, where the terms "assessment" and "installments" were both used as in the act under consideration, and where a taxpayer who had paid his assessment in full in a single payment was claiming interest on a different basis than a taxpayer who was paying his assessments in installments over a period of years. It was held that the terms "assessment" and "installments" were synonymously used and it must be held that that rule is applicable to the amended act.

The question is raised upon a motion to quash the alternative writ in which the facts were fully stated, and our conclusion is that the writ must be quashed and judgment go for the defendant. It is so ordered.