CAWOOD BROS. v. THEODORE WOLFLEY, *as Adminis-trator of the Estate of N. Morris, deceased.*

No. 7931.

DECEDENT'S ESTATE, *Claims against—Wages of Clerk.* All wages due a clerk for services rendered before as well as during the last illness of a deceased employer fall within the second class of claims against his estate, and are included in the term "wages of servants," as used in section 80 of the "act respecting executors and administrators and the settlement of the estates of deceased persons."

*Error from Nemaha District Court.*

PROCEEDINGS by G. F. Cawood and Charles Cawood, partners as Cawood Bros., against Theodore Wolfley, as administrator of the estate of N. Morris, deceased, to enforce a claim against said estate. Plaintiffs had been clerks in the store of the deceased. On September 22, 1891, judgment was rendered for plaintiffs for $2,745.04, and graded as fifth class. They complain of the judgment rendered, and bring it here for review.

*Wells & Wells,* for plaintiffs in error.

*Samuel K. Woodworth,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The sole question presented by the record in this case is whether, in the classification of demands against the estate of a deceased person, the wages of a clerk employed by the decedent in his store for a period prior to his last illness are to be included, under the provisions of section 80, chapter 37, of the General Statutes of 1889, in the second class. The first part of the section reads as follows:

"All demands against the estate of any deceased person shall be divided into the following classes:

First, funeral expenses; second, expenses of the last sickness, wages of servants, and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration.''

Is a clerk a servant within the meaning of this language, and, if so, are the wages confined to those accruing during the last illness of the deceased? No direct authority is cited or known to us on the question. The legislature in more than one enactment has manifested a purpose to secure to all wage-earners their hire, and to prefer their claims to those of most other creditors. It is conceded that the term "servant" in its usual acceptation, especially in the law, is broad enough to include a clerk; but it is argued that the word is here used in a restricted sense, and means only menial or household servants. We are loth to recognize any such classification in Kansas as menial servants. The word is broad enough to include a clerk, and we think the legislature intended it should do so. Nor do we think the wages referred to are limited to those earned during the last illness of the deceased. In this particular case the amount of wages conceded to be due is unusually large, but that fact cannot affect the general rule. Though the language used might perhaps be held to restrict the time to the period of the last sickness, we think it as capable of the other construction, and that the legislature intended to classify all wages of servants ahead of debts due the state, judgments, and demands of the fifth class.

The judgment of the district court will be modified by classifying the demand allowed the plaintiffs in the second class, instead of the fifth. Judgment will be entered in this court in favor of the plaintiffs in error for costs.

All the Justices concurring.