ISAAC LANDRUM v. FELIX FLANNIGAN.

No. 11142.

1. STATUTE LAW—*Inadvertently Omitted Words.* If necessary to give effect to the evident intent of a legislative enactment, its language may be completed by reading into it such inadvertently omitted words as may be requisite to express its obvious sense.

2. INTOXICATING LIQUORS—*Action for Damages—Statute Construed.* The evident intent of section 41, chapter 101, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2535), is to confer upon "employers" and "other persons," together with other enumerated classes, a right of action for injuries received at the hands of intoxicated persons, or in consequence of the intoxication of persons. *Held,* therefore, that the second enumeration in it of the classes of persons upon whom the right of action is conferred, and which omits "employers" and "other persons" from the list, is to be construed as inclusive of such omitted classes, so as to correspond with the first enumeration.

3. ——— *Husband May Maintain Action for Damages.* A husband, injured in consequence of the intoxication of his wife, is included in the general classification of "other persons" used in the statute in question, and may maintain an action of damages for his injuries.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed April 8, 1899. Reversed.

*Getty & Hutchings*, for plaintiff in error.

*Morse & Morse*, and *Henry McGrew*, for defendant in error.

The opinion of the court was delivered by

Doster, C. J. : This was an action brought by Isaac Landrum against Felix Flannigan to recover damages on account of injuries to him in his person, property, and means of support, in consequence of his wife, Barbara, falling into a condition of habitual intoxication upon liquors sold to her by the defendant. The action was founded upon section 41, chapter 101, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2535), which reads as follows :

"Every wife, child, parent, guardian or employer, or other person, who shall be injured in person or property or means of support by any intoxicated person, or in consequence of intoxication, habitual or otherwise, of any person, such wife, child, parent or guardian shall have a right of action in his or her own name against any person who shall by selling, bartering or giving intoxicating liquors have caused the intoxication of such person, for all damages actually sustained, as well as for exemplary damages ; and a married woman shall have the right to bring suit, prosecute and control the same, and the amount recovered, the same as if unmarried ; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parents, guardian or next-friend, as the court shall direct ; and all suits for damages under this act shall be by civil action in any of the courts of this state having jurisdiction thereof."

An objection to the introduction of evidence under the petition was sustained, upon the ground that on account of the peculiar wording of the statute a right of action was not given to a husband. As will be observed, the classes of persons in whom the statute in its first few lines apparently intends to vest a right of action are wives, children, parents, guardians, employers, or "other persons," but after thus enumerating the classes in whom the statute apparently intends to vest the right of action, it proceeds by its mere verbal phraseology to limit the right to wives, children, parents, or guardians, omitting employers as a specific class, and likewise omitting "other persons" as a class, both of whom are enumerated in the first lines of the section.

The question presented to us for determination is, Does the statute, rightly interpreted, confer a right of action upon all of the classes first enumerated, as it at first apparently undertakes to do, or is the right of action limited to the lesser number of classes last mentioned ? The question is not difficult. The first and most important aid to the ascertainment of legislative intent is, of course, the words employed. When these are plain of meaning the statute needs no interpretation. It interprets itself. If the words be of doubtful meaning ; if they be inartistically arranged ; if the syntax be violative of the rules of composition ; if ellipsis, tautology or redundancy occur, the statute must be examined in other lights than those afforded by the mere words employed, and chief among these lights are those afforded by the evident purpose and intent of the legislature and the entire context of the statute.

Another important rule is that all parts of the act must, if possible, be given a meaning and be allowed to stand. In this case either the right of action is

limited to wives, children, parents, and guardians, as indicated by the last enumeration of classes, in which event the words "employer or other person" used in the first enumeration would have to be stricken from the statute by construction, or those words must be allowed to stand, and the classification last made be extended to correspond with the one first made. In our judgment the latter should be done. There can be no question of the legislative intention to include employers in the list of persons upon whom the right of action is conferred, nor any question that the like intent was to confer it upon "other persons" of a like kind with the classes first specifically enumerated. The failure to include "employers" and "other persons" in the list last enumerated was clearly an inadvertent omission, and upon well-settled rules of statutory interpretation the last enumeration may be extended by construction to correspond with the one first made. The cases in which the courts have been called upon to supply evident legislative omissions by the interpolation of words to complete the sense of the act, and thus harmonize it with the obvious, legislative intent, are frequent. Many of them will be found collated in Sutherland on Statutory Construction, §§ 260, 261, and Endlich on Interpretation of Statutes, §§ 39, 298–300.

The plaintiff in error contends that in the interpretation of the statute the last enumeration of classes of persons should be eliminated, because wholly tautological and adding nothing to the meaning of the section. To do so would, of course, correct the composition to accord with rhetorical rules, but it would not make the legal sense of the act any clearer. The interpretation of a statute by the elimination of some of its words may be sometimes allowable ( Endlich,

Interp. Stat., §§ 301, 302); but only, we think, as to words which are wholly meaningless, or which, being contradictory of the evident intent of the legislature, are therefore rejected by the inherent sense of the whole act. The words of enumeration last used are unnecessary, but they are not meaningless. They are not contradictory of anything else in the statute. On the contrary they are in harmony with its other parts. They are simply incomplete as an evidently purposed enumeration or list. We follow a safer rule by allowing them to remain as used by the legislature, and allowing the inadvertently omitted classes mentioned in the preceding clause a place in the list with them. Doing so, the remaining question is plain. A husband falls within the general designation of "other person" as used in the statute under consideration. He is *ejusdem generis* with "wife" as specifically enumerated, and is entitled to maintain the action given by the statute.

The judgment of the court below will be reversed, with directions to proceed in accordance with this opinion.