THE STATE OF KANSAS, *Appellant*, v. JOHN W. RADFORD, *Appellee*.

No. 17,105.

EMBEZZLEMENT—*State    Officer—Statutory    Construction—"Estate" Erroneously Used for "State."* In the statute (Gen. Stat. 1909, § 2578) forbidding the embezzling by an officer of the state of money "belonging to . . . such . . . estate," the word "estate" is manifestly intended for "state," and must be so construed.

Appeal from Wyandotte court of common pleas; HUGH J. SMITH, judge. Opinion filed June 17, 1910. Reversed.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Joseph Taggart,* county attorney, for the appellant.

*John A. Hale,* and *Richard J. Higgins,* for the appellee.

*Per Curiam:* The state appeals from an order of the trial court quashing an information under a statute reading, so far as here important, as follows:

· "Any agent . . . of any private person, or of any copartnership . . . or any executor or administrator of any estate, or the guardian of the property of any minor, habitual drunkard, or person of unsound mind, or any officer, clerk, agent, employee or servant of any corporation, joint-stock association or other association . . . or any officer of this state or any county, township, city, board of education or school district or road district therein, or any receiver appointed by any court or judge in this state, who shall embezzle or convert to his own use . . . any money . . . belonging to any such person, copartnership, association, corporation, joint-stock association, estate, minor, habitual drunkard, person of unsound mind, *estate,* county, city, board of education, township or school district, or road district, or the beneficiary of such trust fund, or being a part of the funds, assets or property of such receivership, which shall have come into his possession or under his care by virtue of such employment, office or trust, shall upon conviction thereof be punished in the manner prescribed by law for stealing property of the kind or value of the articles so embezzled." (Laws 1899, ch. 139, § 1; Gen. Stat. 1909, § 2578.)

The defendant was charged with embezzling funds belonging to the state that came into his possession by virtue of his being an officer of the state. His contention is that the statute does not cover such an offense by a state officer, because in enumerating the owners whose property is subject to embezzlement as there defined it fails to mention the state. The word "estate"

The State v. Radford.

italicized in the foregoing excerpt from the statute is manifestly intended for "state," and must be so construed.

"Where it is manifest upon the face of an act that an error has been made in the use of words, the court may correct the error and read the statute as corrected, in order to give effect to the obvious intention of the legislature." (26 A. & E. Encycl. of L. 655.)

The intention of the legislature is so obvious as to make extended discussion unnecessary, but among other grounds for being certain that "estate" is a clerical error for "state" may be mentioned these: The word "estate" in this connection appears for the first time in the statute as amended in 1899, in a list of owners which was otherwise unchanged, except by making additions thereto. The evident purpose of the amendment was to increase, not to diminish, the capacities in which embezzlement could be committed. There was no intention of exempting state officers from its operation, or they would not have been expressly named as subject to the provisions. That being clear, if all reference to the state as the owner of embezzled property had been omitted, the omission could be treated as inadvertent, and remedied by interpretation. (*Abernathy v. Mitchell,* 113 Ga. 127.) The word occurs in what is substantially a second enumeration in the same section of the persons whose property is to be protected by it. An omission in the second enumeration can be supplied by reference to the first. (*Landrum v. Flannigan,* 60 Kan. 436.) The immediate context—the word being grouped with "county, city," etc. —shows that "state" and not "estate" was intended.

The word "estate" had already been used in the same enumeration in its natural place, in association with minors and persons of unsound mind, and there could not have been an intention to repeat it, such repetition, unless aided by interpretation, being without meaning.

The judgment is reversed, with directions to deny the motion to quash.