No. 27,483.

ESTATE OF JOSEPH SCHMITZ, Deceased, *Appellee*, v. JOSEPH
SCHMITZ, JR., *Appellant;* J. E. STILLWELL et al., *Appellees.*

No. 27,484.

ESTATE OF JOSEPH SCHMITZ, Deceased, *Appellee*, v. GEORGE
SCHMITZ, *Appellant;* J. E. STILLWELL et al., *Appellees.*

No. 27,485.

ESTATE OF JOSEPH SCHMITZ, Deceased, *Appellee*, v. FRANK
SCHMITZ, *Appellant;* J. E. STILLWELL et al., *Appellees.*

(261 Pac. 824.)

SYLLABUS BY THE COURT.

EXECUTORS AND ADMINISTRATORS — *Statutory Classification of Claims — Employees' Claims.* Claims of employees filed against the estate of a deceased employer for wages covering a long period of service, which had terminated four years before the death of the employer, are properly classified as claims of the fifth class where it does not appear that the services were rendered during the last sickness of the employer.

Appeal from Nemaha district court; C. W. RYAN, judge. Opinion filed December 10, 1927. Affirmed.

*Edward T. Riling, John J. Riling,* both of Lawrence, and *Maurice O'Keefe,* of Atchison, for the appellants.

*Charles H. Herold* and *R. M. Emery, Jr.,* both of Seneca, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Joseph Schmitz, Jr., George Schmitz and Frank Schmitz each filed a claim in the probate court of Nemaha county for wages against the estate of their father, Joseph Schmitz, Sr., for services performed by them on farms owned by Joseph Schmitz, Sr., under a contract with the latter by which each of the three was to receive better wages than he could receive anywhere else, which wages were to be paid at the death of the father. George Schmitz filed his claim for $6,500 for thirteen years' work; Joseph Schmitz, Jr., claimed $5,500 for eleven years' work; and Frank Schmitz $1,750 for three and one-half years' work. Each claim was allowed by the probate court for the amount named, and was classified by that court as a claim of the fifth class. Each claimant appealed to

Executors and Administrators, 24 C. J. p. 426 n. 85. Statutes, 36 Cyc. pp. 1118 n. 18, 1122 n. 47, 1147 n. 27.

the district court where each case was tried on an agreed statement of facts, and each claim was again allowed for the amount named, and was again classified as a claim of the fifth class. From the order of classification, each claimant has appealed to this court, and each contends that his claim should have been classified as a claim of the second class.

The material parts of the agreed statement of facts, so far as the claim of George Schmitz is concerned, were as follows:

"At the time George Schmitz became twenty years of age, his father asked this claimant to work on the farms, and promised him that if he would work on the farms that he, this claimant, would receive at his father's death better wages than he could receive anywhere else, and that the better wages would be paid to him at his father's death. Acting and relying on this promise this claimant began work on his father's farms, doing everything that a farm hand and an owner of farms would do. That this claimant received nothing during the life of his father for the work he did, nor has he at any time received any pay therefor.

"That this claimant worked on his father's farms for a period of thirteen years from 1907 to 1920, and that the reasonable value of his services is five hundred dollars ($500) a year, or sixty-five hundred dollars ($6,500). That Joseph Schmitz, the deceased, was able, during his lifetime and during the time that this claimant worked on his farms, to pay off the original mortgage indebtedness of seventeen thousand dollars ($17,000), which sum was owed by him when he took possession of said farms."

With some variation, not here material, the agreed statement of facts concerning the claim of Joseph Schmitz, Jr., and of Frank Schmitz was the same as that of George Schmitz, except that Joseph Schmitz, Jr., worked for a period of eleven years and Frank Schmitz for a period of three and one-half years. The period of service for each terminated in 1920. It does not appear that the services were rendered during the last sickness of the father, who died on February 7, 1925. Each claim was allowed by the probate court in October, 1925.

What was the proper classification of these claims? The answer to that question involves the construction of R. S. 22-701, the material parts of which section read:

"All demands against the estate of any deceased person shall be divided into the following classes: . . . Second, expenses of the last sickness, wages of servants and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration. . . . Fifth, all demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate. . . . ."

That statute in the same language is found in section 3 of chapter 188 of the Laws of 1911, which amended section 3515 of the General Statutes of 1909. Before the amendment the parts of the statute necessary·for consideration read:

"All demands against the estate of any deceased person shall be divided into the following classes: . . . Second, expenses of the last sickness, wages of servants, and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration . . . Fifth, all demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate . . ." (G. S. 1909, § 3515.)

The changes made by section 3 of chapter 188 of the Laws of 1911 in section 3515 of the General Statutes of 1909 were to take out the comma after the word "servants" in the second subdivision of the section and to strike out all of the seventh subdivision.

In *Cawood v. Wolfley,* 56 Kan. 281, 43 Pac. 236, the court said:

"All wages due a clerk for services rendered before as well as during the last illness of a deceased employer fall within the second class of claims against his estate, and are included in the term 'wages of servants,' as used in section 80 of the 'act respecting executors and administrators and the settlement of the estates of deceased persons.'"

When that case was decided the part of the statute now under consideration read: "Second, expenses of last sickness, wages of servants, and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration." At that time, and always for that matter, the law of this state has favored the collection of wages owing from employers to employees. Under that policy of the law the statute, when *Cawood v. Wolfley* was decided, could easily be construed to place all wages of employees in claims of the second class when allowed against the estates of deceased persons. After the amendment in 1911, the statute read: "Second, expenses of last sickness, wages of servants and demands for medicines and medical attendance during the last sickness of the deceased, and the expenses of administration." Only part of the sections of the statute concerning the settlement of estates of deceased persons was amended in 1911. So far as the present case is concerned, the only amendment of section 3515 of the General Statutes of 1909 consisted in taking out the comma after the word servants, so as to make the statute read, "wages of servants and demands for medicines and medical attendance during the last sickness of the deceased."

Schmitz v. Schmitz.

In *The State v. Deuel*, 63 Kan. 811, 66 Pac. 1037, this court said:

"Where a particular clause or sentence of a statute is so ungrammatical, or so punctuated, as not to make sense, and the intention of the legislature is clearly ascertainable from the context and from a statute *in pari materia,* this court will put that construction on it intended by the legislature, and, for such purpose, may change the punctuation and capitalization to express such intention." (Syl. ¶1.)

In *Atchison, T. & S. F. Rly. Co. v. State Highway Commission,* 123 Kan. 576, 579, pertinent language was used:

"The problem before us is, of course, to find the purpose and intent of the legislature in enacting the statute in question. In other words, What is the manifest purpose of the statute? (*Young v. Regents of State University,* 87 Kan. 239, 124 Pac. 150; *Gleason v. Sedgwick County,* 92 Kan. 632, 635, 141 Pac. 584; *Railway Co. v. Cowley County,* 103 Kan. 681, 684, 176 Pac. 99.) Punctuation is important only as it aids in the interpretation of the statute. If it is ambiguous or obviously misleading it may be disregarded. (*State v. Deuel,* 63 Kan. 811, 66 Pac. 1037.) Or, perhaps more accurately, the purpose of the statute is to be determined from its obvious purpose, its history, etc., without specific reference to the punctuation used."

In 36 Cyc. 1117 it is said:

"While punctuation, including quotation marks, brackets, etc., is subordinate to the text and can never control the plain meaning of a statute, it is nevertheless proper, in case of doubt, that punctuation, etc., should operate as an aid in the construction and interpretation of the statute."

To the same effect is 25 R. C. L. 965.

In *Cawood v. Wolfley,* supra, the court said:

"Though the language used might perhaps be held to restrict the time to the period of the last sickness, we think it as capable of the other construction, and that the legislature intended to classify all wages of servants ahead of debts due the state, judgments, and demands of the fifth class." (p. 282.)

*Cawood v. Wolfley* was decided in 1896, long before the statute was amended. The legislature must have meant something by the change that was made. By removing the comma the legislature made clear the statute that had been made ambiguous by the insertion of the comma. The statute now clearly provides that wages of servants during the last sickness shall be classified as claims of the second class, the same as medicines and medical attendance during the last sickness of the deceased. That excludes from claims of the second class wages earned by employees before the last sickness of the deceased.

The judgment is affirmed.