No. 34,239

CHARLES B. RUSSELL and LOLITA RUSSELL JACKMAN, Administrators with the Will Annexed of the Estate of Flora B. Russell, Deceased, *Plaintiffs,* v. C. C. COGSWELL, W. G. FINK and LESTER LUTHER, as the State Tax Commission, etc. (The State Commission of Revenue and Taxation, etc., JOHN McCUISH, WM. LJUNGDAHL and MARC BOSS, as Members, and BERT E. MICHENER, as Director of Revenue, substituted), *Defendants.*

(101 P. 2d 361)

Supplemental opinion filed April 22, 1940. (For supplementing opinion see *ante,* p. 14, 98 P. 2d 179.)

*M. A. Gorrill, Henry H. Asher* and *C. M. Gorrill,* all of Lawrence, for the plaintiffs.

*D. C. Hill,* of Wamego, and *Frank G. Theis,* of Arkansas City, for the defendants.

The supplemental opinion of the court was delivered by

HOCH, J.: It was stated in the opinion filed in this case on January 27, 1940 (*ante,* p. 14, 98 P. 2d 179), that in view of the conclusions reached on other questions involved, the court considered it unnecessary to pass upon the plaintiff's contention that there is no provision in the Kansas inheritance tax law under which a tax can validly be imposed upon property passing by deed, grant or gift, "made or intended to take effect in possession or enjoyment after the death of the grantor." We have now given consideration to the facts of the present situation as presented by a motion of the plaintiff to reopen and reconsider the case for the purpose of determining that question, and have concluded that the motion should be granted.

The question was fully briefed and argued by both parties and no rehearing was necessary. We proceed to consideration of the question.

The Kansas inheritance tax law begins (G. S. 1935, 79-1501) with what might be termed "a declaration of intention." It declares

that certain classes of property "shall be taxed as herein provided." For convenience here, we shall separately number the classes of property, so named, as follows:

(1) Property passing by will.

(2) Property passing by intestate succession.

(3) Property passing by deed, grant or gift, "made in contemplation of death."

(4) Property passing by deed, grant or gift, "made or intended to take effect in possession or enjoyment after the death of the grantor."

Further on in the section appear the substantive provisions under which the tax is to be imposed, including the exemptions to be allowed, the rates to be charged and the classifications to be observed. The opening portion of these substantive provisions reads as follows:

"Distributees of estates, whether they succeed to the ownership of their respective shares by reason of the provisions of a will or under the law of descents and distributions, or by deed, grant or gift, made in contemplation of death, shall be classified as follows:" etc.

Following this are classifications into "Class A," "Class B," and "Class C," based upon relationship (husband or wife, parents, children, etc.) of the distributees to the decedent. Exemptions are then provided for surviving wife, and for other members of "Class A" and "Class B." Following this are the rates to be applied to the different classes, such rates being graduated on the basis of the amount of the distributee's share. But here is the alleged defect in the statute: In the substantive portion of the section, quoted above, provision is made for taxing distributees in class (1), class (2), and class (3), but no mention is made of distributees in class (4). In other words, the section establishes rates to be charged against distributees in class (1) who take "by will," in class (2) who take "by intestate succession," and in class (3) who take "by deed, grant or gift made in contemplation of death," but is wholly silent as to the rates to be charged against class (4) who take "by deed, grant or gift made or intended to take effect in possession or enjoyment after the death of the grantor." Did the drafter of the statute simply forget to include class (4)? Did some clerk who was copying the text accidentally miss it? Was it "the fault of the printer?" There is no answer but conjecture.

Three principal arguments are advanced in support of the view that the omission is not fatal and should be supplied by this court.

First, that the intention of the legislature is clear, and such in-

tention may properly be effectuated by liberal construction of the section. Second, that distributees in class (4), who take by deed, grant or gift "made or intended to take effect in possession or enjoyment after the death of the grantor," may fairly be said to be included within class (3) who take by deed, grant or gift "made in contemplation of death." Third, that the long practice of the taxing body in administering the section has determined its construction. These contentions will be examined in order.

A liberal construction of statutes in order to effectuate their purpose is the established policy of this court. The function of liberal construction is called into use where there is ambiguity in the language of the statute or, in other words, where there are one or more interpretations which may fairly be made. Where clarification is required judicial interpretation is made that will give life to the statute rather than the one which will nullify it. Errors plainly clerical in character, mere inadvertences of terminology, and other similar inaccuracies or deficiencies will be disregarded or corrected where the intention of the legislature is plain and unmistakable. But the court cannot delete vital provisions or supply vital omissions in a statute. No matter what the legislature may have really intended to do, *if it did not in fact do it, under any reasonable interpretation of the language used,* the defect is one which the legislature alone can correct.

Let us apply these principles to the present issue. Let us assume that the commission has before it the case of a distributee who would clearly fall in class (4). It consults the statute to determine what exemptions shall be allowed, what classifications shall be made, what graduated scale shall be observed, what rates shall be applied. It finds no answer in the statute. It finds the questions answered only for classes (1), (2) and (3). Let us make another simple illustration. Suppose a statute starts out by stating that "all sales of horses, cattle, and hogs shall be taxed as herein provided," and then follows with various classifications to be made and various rates "to be charged on sales of horses and cattle," but is entirely silent about the classifications or the tax to be imposed on the sale of hogs. Certainly no taxing body would be justified in fixing the same classifications and the same rates for hogs which the legislature had fixed for horses and cattle simply because it thinks that the legislature would have done that if it had enacted tax provisions relating to hogs.

Furthermore, by what authority could this court say that if the legislature had carried out an intention to impose inheritance taxes on distributees in class (4) it would necessarily have adopted the same exemptions, the same graduated scale and the same rates as it provided for classes (1), (2) and (3)? It is urged in answer to that question that such a course would be the only reasonable thing the legislature could have done. But what one person considers reasonable another may not so consider. Plausible argument may well be advanced for applying exemptions and rates to distributees in class (4) different from those in classes (1), (2) and (3). Neither the commission nor this court has authority to determine what the legislature would have considered reasonable on so important a matter.

All decisions of this court cited by the defendant on the question of liberal interpretation have been examined, and none of them found inconsistent with the views just expressed. Perhaps the strongest case cited is that of *Landrum v. Flannigan,* 60 Kan. 436, 56 Pac. 753. In that case the court supplied the word "employer" in one part of the statute, but a close analysis of the statute makes the case clearly distinguishable from the one at bar. The statute involved in that case reads as follows:

"Every wife, child, parent, guardian, or employer, or other person, who shall be injured in person or property or means of support by any intoxicated person, or in consequence of intoxication, habitual or otherwise, of any person, such wife, child, parent, or guardian shall have a right of action in his or her own name. . . ."

The court supplied the word "employer" after the word "guardian" near the end of the language above quoted. But it by no means appears that an employer would not have had a right of action even though the word had not been supplied and that therefore the interpretation of the court did not in fact change anything. It will be noted that the right of action was not limited to that of a wife against her husband, or of a child against its parents, or of the parents against the child, or of a guardian against the ward, or of an employer against the employee. The right of action was given to *any person* who might be injured by *an intoxicated* person, regardless of classification. The *employer* might be a wife, *might* be a parent, *might* be a guardian, and in any event every employer would be a *"child,"* in the generic sense of the word.

Courts frequently face the temptation to usurp legislative func-

tions by writing into statutes something which the legislature itself did not put in them. But, however laudable the end sought may seem to be, the importance of observing the limitations of the judicial function transcends all immediate and temporary consideration. Vital defects in the statute are for the legislature to correct.

The second argument is that distributees in class (4) who take by deed, grant or gift, "made or intended to take effect in possession or enjoyment after the death of the grantor," may fairly and reasonably be said to be included within class (3) who take by deed, grant or gift, "made in contemplation of death," and that by so including class (4) in class (3) the omission in the statute may be corrected by judicial construction. We cannot agree with that argument. Classes (3) and (4) are essentially distinct and separate classes. Deeds, grants or gifts made "in contemplation of death" (class 3) have a clear and well-established legal meaning (26 R. C. L. 225). The donees in such cases enter at once into the right of enjoyment. Those in class (4) do not. The words "in contemplation of death" have generally been used in inheritance tax statutes in order to reach gifts made when death is imminent for the purpose of evading the tax, though the intent to evade is not an essential factor. It is essential, however, to class (3) that *present transfer be made and that death be imminent*. This definite classification is common both to the federal and state laws. Its essential nature is recognized in our own statute by the provision at the end of section 79-1501, which reads:

"Property shall be deemed to have been transferred by grant or gift in contemplation of death under this act when such grant or gift shall have been executed within ninety days prior to the death of the grantor or donor."

Likewise, the characteristics of class (4) are well defined. Gifts made or intended "to take effect in possession or enjoyment after the death of the grantor" *are not gifts inter vivos* and the *imminence of death is not a factor;* nor is there any time factor as in the case of class (3). If the gift falls within class (4) a tax would apply no matter how many years may pass until the death of the grantor. We cannot arbitrarily disregard these plain and vital distinctions between the two classes and say that the statutory guide set up for taxing distributees under class (3) shall also apply to those in class (4).

Lastly, it is urged that the omission in the statute has been cured by a long-established practice of the administrative body in supply-

ing the omission. We cannot agree to that conclusion. When a statute is ambiguous and open to more than one interpretation, a long-established construction by an administrative body carries great, if not a controlling weight. But no controlling weight can be given to administrative construction of a statute unless the meaning is really doubtful, and courts are neither bound to follow nor justified in following a construction that is clearly erroneous. (59 C. J. 1030.) An administrative body may interpret an uncertain statute, but it cannot make new law.

It may also be noted here that while those claiming tax exemption must show that they come clearly within the statute, the general rule is that if a taxing statute be of doubtful intent it should be construed favorably to the taxpayer. (*McFeely v. Commissioner*, 296 U. S. 102, 80 L. Ed. 83; *Crooks v. Harrelson*, 282 U. S. 55, 61, 75 L. Ed. 156, 59 C. J. 1131.)

We are aware that statements may be found in decisions of this court, as for instance in the case of *State, ex rel., v. Cline*, 91 Kan. 416, 137 Pac. 932, wherein the constitutionality of the inheritance tax law was upheld, which refer to the law as imposing a tax upon succession under all four classes enumerated in the early part of the statute. Also, that in casual reference, such as in *State v. Mollier*, 96 Kan. 514, 152 Pac. 771, no distinction apparently is made between succession to property in class (3) and in class (4), *supra*. But in those cases the question here presented was not involved and the record gives no indication that the hiatus in the taxing portions of the statute was called to the attention of the court or was at all considered by the court. Such cases accordingly have no persuasion in the instant determination.

We conclude that there is no provision in the Kansas inheritance tax law to support the tax imposed in the instant case. In other words, that there is a vital omission in the statute which precludes lawful imposition of an inheritance tax upon property passing by deed, grant, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor. Such vital omission can only be supplied by the legislature.

THIELE, J., not participating.

HARVEY, J. (dissenting): Plaintiff contends there is a fatal hiatus in the statute which in any event would prevent the collection of the tax in question. There is no fatal hiatus in this statute (G. S. 1935,

79-1501). We print its pertinent portions, including in brackets the clause which, it is argued, it was fatal to omit:

"All property, corporeal or incorporeal, and any interest therein, within the jurisdiction of the state, whether belonging to the inhabitants of the state or not, which shall pass by will or by the laws regulating intestate succession, or by deed, grant or gift made in contemplation of death, *or made or intended to take effect in possession or enjoyment after the death of the grantor,* to any person, . . . shall be taxed as herein provided. Distributees of estates, whether they succeed to the ownership of their respective shares by reason of the provisions of a will or under the law of descents and distributions, or by deed, grant or gift made in contemplation of death [or made or intended to take effect in possession or enjoyment after the death of the grantor], shall be classified as follows: . . ." (Italics ours.)

This is followed by a classification of the distributees of an estate, with varied exemptions applicable to the respective classes, and with the applicable rates for the computation of the tax, none of which is made to depend upon the manner by which the estate of the decedent passes.

No *casus omissus* should be recognized as existing in a statute if such recognition defeats the principal purpose of the legislature in enacting the statute. See *Young v. Regents of State University,* 87 Kan. 239, 124 Pac. 150, and particularly pages 252 to 263, where this question is discussed at length.

It is a fundamental rule of statutory construction, to which all others are subordinate, that the purpose or intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted. This rule, stated in various forms, has been applied by this court throughout its history. (*Jones v. The State, ex rel.,* 1 Kan. 273; *State v. Bancroft,* 22 Kan. 170; *Intoxicating Liquor Cases,* 25 Kan. 751; *Noecker v. Noecker,* 66 Kan. 347, 71 Pac. 815; *Tatlow v. Bacon,* 101 Kan. 26, 165 Pac. 835; *Railway Co. v. Cowley County,* 103 Kan. 681, 684, 685, 176 Pac. 99; *Schmitz v. Schmitz,* 124 Kan. 546, 549, 261 Pac. 824; *State, ex rel., v. Horn,* 126 Kan. 591, 270 Pac. 597; *State v. Lebow,* 128 Kan. 715, 280 Pac. 773; *Clark v. Murray,* 141 Kan. 533, 41 P. 2d 1042; *State, ex rel., v. Gleason,* 148 Kan. 1, 14, 15, 79 P. 2d 911; *Johnson v. Hensley,* 150 Kan. 96, 90 P. 2d 1088.)

It is clear from the statute above quoted, particularly that part we have printed in italics, that the legislature intended to place a tax upon property which passes by deed, grant or gift, made or in-

tended to take effect in possession or enjoyment after the death of the grantor. With that intention so clearly expressed, the omission of that phrase from a later portion of the section, where distributees were classified, exemptions stated, and tax rate imposed, should not defeat the legislative purpose.

In *Landrum v. Flannigan,* 60 Kan. 436, 56 Pac. 753, the court was considering a statute (as revised, now G. S. 1935, 21-2150) which provided (we print in brackets the words which, it was argued, it was fatal to omit):

"Every wife, child, parent, guardian or employer, or other person, who shall be injured in person or property or means of support by any intoxicated person, or in consequence of intoxication, habitual or otherwise, of any person, such wife, child, parent or guardian [employer, or other person] shall have a right of action in his or her own name against any person who shall by selling, bartering or giving intoxicating liquors have caused the intoxication of such person, for all damages actually sustained, as well as for exemplary damages."

A husband had brought an action alleging defendant had furnished plaintiff's wife intoxicating liquor, resulting in damages to him. The trial court sustained a demurrer to his petition on the ground that he was not one of the persons enumerated as having a right of action for such damages. The court held:

"If necessary to give effect to the evident intent of a legislative enactment, · its language may be completed by reading into it such inadvertently omitted words as may be requisite to express its obvious sense." (Syl. ¶ 1.)

And further held:

". . . that the second enumeration in it (the statute) of the classes of persons upon whom the right of action is conferred, and which omits 'employers' and 'other persons' from the list, is to be construed as inclusive of such omitted classes, so as to correspond with the first enumeration." (Syl. ¶ 2.)

There is a similar holding in *State v. Radford,* 82 Kan. 853, 108 Pac. 119. There are many authorities to the same effect from other jurisdictions.

Here the methods by which property to be taxed passes, include property which passes by deed, grant or gift, made or intended to take effect in possession or enjoyment after the death of the grantor. The fact this particular phrase was omitted in the second enumeration of the methods by which property passes on the death of the owner, when the only things being considered in such enumeration were the classification of distributees, exemptions for the various classes and the rate of taxation, does not, in my judgment, create a hiatus or a *casus omissus* which prevents the state from collecting a

tax on the property of the decedent which passes by deed, grant or gift, made or intended to take effect in possession or enjoyment after the death of the grantor.

There are many sections of our statutes which if dissected by a close analysis of the language used, and so interpreted, the construction would defeat the obvious purpose of the legislature. Normally courts do not do that; rather they seek to find from the statute the purpose of the legislature, and when that is found, construe the statute accordingly. That should be done here.

ALLEN, J., concurs in this dissent.