Bill Hasty, Chairman Neosho County Board of County Commissioners Neosho County Erie, Kansas 66733
Dear Mr. Hasty:
You request our opinion on the disposition of fees received by a county attorney for prosecuting violations of wildlife and parks statutes pursuant to K.S.A. 32-1053. You state that the county attorney believes that this statute allows him to personally retain these fees rather than depositing them in the county general fund.
K.S.A. 32-1053 states as follows:
 "It shall be the duty of each county or district attorney to prosecute any person or persons charged with a violation of any of the wildlife and parks laws of this state or rules and regulations of the secretary. The attorney so prosecuting shall receive the fee established by law or by the court having jurisdiction over the matter for each prosecution in a district court, and such fee shall be taxed to the defendant in every case where conviction shall be had."
Legislative history indicates that the fee was originally intended to compensate an attorney who was specially appointed by the court to prosecute violators of the fish and game act. The original version of this statute provided for the appointment of an attorney at law to prosecute if the county attorney neglected or failed to prosecute. L. 1911, Ch. 198, § 32. In 1989 the Legislature removed the option of appointing a special prosecutor and amended the statute to require that the county or district attorney prosecute, however the Legislature did not delete the fee provision. L. 1989, Ch. 118, § 139. Some have argued that leaving the fee provision in the statute after deleting the special prosecutor provision may have been a drafting oversight. Nevertheless, well-established rules of statutory construction prohibit us from disregarding this provision. In Russell v. Cogswell, 151 Kan. 793
(1940), the Court explained that "[n]o matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which the legislature alone can correct." Supra at 795. When interpreting a statute, the Court presumes that the Legislature understood the meaning of the words it used and intended to use them. Rogers v. Shanahan,221 Kan. 221, 223-224 (1977). Furthermore, "[w]hen a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." Johnson v. McArthur, 226 Kan. 128, 135 (1979).
Although the statute clearly makes it the duty of the county attorney to prosecute violations of wildlife and parks statutes and provides for an attorney fee, the general rule stated in K.S.A. 19-705 prohibits a county or district attorney from receiving a fee for the performance of an official duty required by law unless such fee is "allowed by law." In addition, K.S.A. 28-175 provides that no county officer shall receive fees paid to such officer by reason of his or her performance of the duties or obligations of the county office, unless such fees "are specifically allowed to them by law." Any fees received by county officers and employees "not specifically authorized to be retained by them" are required to be paid over to the county treasurer for deposit into the county's general fund. Id.
The issue you present is whether K.S.A. 32-1053 creates an exception to the general rule by specifically allowing the county attorney to personally receive a fee and by authorizing him to retain the fee for the performance of his official duty to prosecute violators of wildlife and parks statutes.
According to the legislative history, the fee referred to in K.S.A.32-1053 is an attorney fee. The statute clearly allows the prosecuting attorney to receive the fee. Although the statute does not specifically state that the attorney may retain the fee received, in our opinion, the legislative intent was that when an attorney receives a fee under K.S.A.32-1053, he or she may retain that fee. Therefore, a county or district attorney may personally receive and retain a fee for prosecuting violations of wildlife and parks laws or rules and regulations. Because there is currently no fee established by law, it is within the court's discretion to set a fee.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm